COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1537**

**STATE OF WISCONSIN**

Cir. Ct. No. 2014CF226

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ANTHONY MURRAY,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Kessler and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Anthony Murray, *pro se*, appeals the order denying his WIS. STAT. § 974.06 (2017-18) motion without a hearing.[1]  Because Murray forfeited some of his claims by raising them for the first time on appeal and because he otherwise failed to show that his postconviction counsel was ineffective, we affirm.

## I. BACKGROUND

¶2     This is Murray's second appeal stemming from his 2014 convictions for sexually assaulting his stepdaughter, Violet.[2]  *See **State v. Murray** (**Murray I**)*, No. 2016AP481-CR, unpublished slip op. (WI App Nov. 14, 2017).  We will not repeat the background information outlined in our prior decision resolving Murray's direct appeal.  *See **id.***, No. 2016AP481-CR, ¶¶3-9.  Instead, we seek to present additional information only insofar as it relates to the present appeal.

¶3     At trial, Sherita Highshaw, a friend of Violet's family, testified that Violet was acting out while in her care.  Highshaw said she could tell something was wrong with Violet, and, at one point in the conversation, Highshaw asked whether anyone had ever touched Violet before.  Highshaw testified that Violet nodded; when Highshaw asked who, Violet answered: "A boy named Kendall." [3]

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] "Violet" is the pseudonym this court previously used for the victim in *State v. Murray* (*Murray I*), No. 2016AP481-CR, unpublished slip op. (WI App Nov. 14, 2017).

[3] This name is spelled as "Kendall" and "Kendell" in different portions of the record. For consistency, we use Kendall.

¶4      Highshaw explained that she told Violet that if she did not wish to talk about it, perhaps she would want to "write [her] a letter," as some people feel "better writing stuff down."  Highshaw testified that Violet then wrote her a letter, which talked about the boy named Kendall.

¶5      Following this testimony, trial counsel requested a sidebar; the State noted that Highshaw said she had the Kendall letter at her house and would get it during a break.  Trial counsel wanted to see the letter before cross-examination.  The State made clear during a subsequent sidebar that the letter "was not in the [S]tate's position [sic] or control."

¶6      Highshaw testified that she later asked Violet if anyone else touched her, and Violet answered affirmatively; Highshaw told her to write her a letter if she did not want to tell her.  Violet then wrote letters concerning Murray's assaults.

¶7      Following a break at trial, Highshaw returned with the Kendall letter, and trial counsel explained that he and Murray reviewed it.  Trial counsel intended to question Highshaw about her relationship to a man named "Keylon," as the defense believed Keylon and Kendall may be the same person—a person they believed Highshaw may have been trying to protect.  Highshaw testified that Keylon is her son, but he is not the same person as Kendall.

¶8      Violet's letter concerning Kendall was admitted into evidence; it read:  "along [sic] time ago somebody touched me and I was scared to tell somebody I don't want you to tell somebody his name Kend[a]ll."

¶9 Highshaw testified that she never gave this letter to police. She testified that she told Officer Karla Lehmann about it. Officer Lehmann, however, testified that Highshaw had not told her about the letter.

¶10 When Violet was recalled to testify, the prosecutor asked: "Does Kendall have anything to do with Anthony [Murray] raping you?" She answered, "No."

¶11 At the end of the trial, the jury found Murray guilty of two counts of repeated sexual assault of the same child and one count of first-degree child sexual assault, intercourse with a person under twelve years old.

¶12 Following his convictions, and with the assistance of counsel, Murray filed a WIS. STAT. § 809.30 postconviction motion. The circuit court denied Murray's motion and he appealed, arguing that the evidence was insufficient to support his convictions on two of the charges and that his trial counsel was ineffective for failing to object to certain out-of-court statements of Violet on grounds that they were inadmissible hearsay. *See Murray I*, No. 2016AP481-CR, ¶2. We rejected Murray's arguments, *see id.*, and our supreme court denied his petition for review.

¶13 Murray, *pro se*, then filed his WIS. STAT. § 974.06 motion underlying this appeal. Murray argued that his postconviction counsel was ineffective for failing to challenge trial counsel's effectiveness. Specifically,

Murray claimed that trial counsel was ineffective for failing to ask for a continuance to investigate after learning about the Kendall letter.[4]

¶14    The circuit court denied Murray's WIS. STAT. § 974.06 motion without a hearing after concluding that his claims were conclusory and did not warrant relief.

## II. DISCUSSION

¶15    In Murray's current appeal, he asserts that the circuit court erred in denying his WIS. STAT. § 974.06 motion.  He renews an argument he made in his § 974.06 motion to the circuit court, he abandons other arguments on appeal, and some arguments he brings for the first time.

¶16    The State's response includes a list of the arguments in Murray's brief-in-chief that it claims are brought before this court for the first time on appeal.  The State submits that we should reject these issues as forfeited.  *See State v. Huebner*, 2000 WI 59, ¶¶10-11, 235 Wis. 2d 486, 611 N.W.2d 727.  The State additionally identifies arguments which it claims Murray has abandoned on appeal.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

¶17    Murray concedes abandonment but disputes forfeiture.  In his reply brief, Murray asserts that while he "may have went into more detail when arguing

---

[4] Murray additionally argued that trial counsel was ineffective for failing to impeach trial testimony provided by Highshaw and Officer Lehmann regarding the Kendall letter.  As noted later in this opinion, Murray abandoned this argument on appeal.  Therefore, we need not address it.

his issues on appeal[,] each issue presented was raised in his initial [WIS. STAT.] § 974.06 motion." We are not persuaded by his attempt to fill in the gaps of his motion. This court will not read into a § 974.06 motion allegations that are not within the four corners of the motion. *See* **State v. Romero-Georgana**, 2014 WI 83, ¶64, 360 Wis. 2d 522, 849 N.W.2d 668.

¶18    Consequently, the issue that remains properly before this court is whether the circuit court erred when it denied Murray's claim that postconviction counsel should have argued that trial counsel was ineffective for not seeking a continuance to further investigate the Kendall letter.

¶19    "We need finality in our litigation." **State v. Escalona-Naranjo**, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Therefore, absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that he or she could have raised in a prior postconviction motion or appeal. *See* § 974.06(4); **Romero-Georgana**, 360 Wis. 2d 522, ¶5. "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." **Romero-Georgana**, 360 Wis. 2d 522, ¶36. "[A] defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." **Romero-Georgana**, 360 Wis. 2d 522, ¶4. Whether a § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law that we review *de novo*. *See* **Romero-Georgana**, 360 Wis. 2d 522, ¶30.

¶20    Similarly, whether a WIS. STAT. § 974.06 motion is sufficient to warrant an evidentiary hearing is a question of law that we review *de novo*. *See*

*State v. Balliette*, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334. The law does not automatically entitle a defendant to an evidentiary hearing on his or her postconviction claims. *See State v. Bentley*, 201 Wis. 2d 303, 310-11, 548 N.W.2d 50 (1996). The circuit court must conduct a hearing only if the defendant alleges "sufficient material facts that, if true, would entitle the defendant to relief," which is a question of law we review *de novo*. *See State v. Allen*, 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433. The motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." *Id.*, ¶23. If the motion does not raise sufficient facts, merely presents conclusory allegations, or if the record establishes conclusively that the defendant is not entitled to relief, the circuit court may grant or deny a hearing in its discretion, which we review for an erroneous exercise of discretion. *See id.*, ¶9.

¶21 Murray argues that his postconviction counsel's ineffectiveness and his own lack of knowledge are sufficient reasons for not making his current claims in his direct appeal. The latter is not a sufficient reason: it is a well-established maxim that ignorance of the law does not provide a defense. *See Putnam v. Time Warner Cable of Se. Wis., Ltd. P'ship*, 2002 WI 108, ¶13 n.4, 255 Wis. 2d 447, 649 N.W.2d 626. Therefore we focus our attention on the former: whether Murray demonstrated that postconviction counsel was ineffective for failing to argue that trial counsel was ineffective for not seeking a continuance to further investigate the Kendall letter. For the reasons that follow, we conclude that Murray did not.

¶22 First, Murray's motion fails because it is conclusory and speculative. Even if we were to set aside the shortcomings of Murray's assertions of

postconviction-counsel ineffectiveness, *see Balliette*, 336 Wis. 2d 358, ¶¶62-70, his assertions of trial-counsel ineffectiveness still fail.[5]  To adequately argue that trial counsel was ineffective for not seeking a mid-trial adjournment to "investigate" the Kendall letter, Murray was required to show what an investigation would have revealed or how it would have altered the case.  *See State v. Leighton*, 2000 WI App 156, ¶38, 237 Wis. 2d 709, 616 N.W.2d 126 (explaining that a defendant alleging that counsel failed to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case").  He has not done so.

¶23    Second, Murray did not reference, let alone analyze, the "clearly stronger" standard in his WIS. STAT. § 974.06 motion.  This, in and of itself, defeats his claims premised on the alleged ineffective assistance of postconviction counsel.  *See Romero-Georgana*, 360 Wis. 2d 522, ¶58 (explaining that to demonstrate postconviction counsel's representation was deficient, the defendant "was required to show that the [new] claim was clearly stronger than the [original] claim").  Again, this deficiency cannot be cured on appeal because this court will

---

[5] *State v. Balliette*, 2011 WI 79, 336 Wis. 2d 358, 805 N.W.2d 334, holds that a defendant claiming the ineffective assistance of postconviction counsel under WIS. STAT. § 974.06 must "do more than assert that his postconviction counsel was ineffective for failing to challenge on direct appeal several acts and omissions of trial counsel that he alleges constituted ineffective assistance." *Balliette*, 336 Wis. 2d 358, ¶63, 805 N.W.2d 334.

not read into a § 974.06 motion "allegations that are not within the four corners of the motion."[6] *See **Romero-Georgana***, 360 Wis. 2d 522, ¶64.

¶24 In any event, such an argument would have failed because it rests on the incorrect premises that the Kendall letter contained a new revelation and suggested an alternative actor for Murray's assaults of Violet. The State points out that the defense was aware, prior to trial, that Violet had disclosed that her "cousin Kendall" tried to "get her to perform oral sex in a closet," which was set forth in a pretrial brief filed by the State. Murray himself acknowledged in his WIS. STAT. § 974.06 motion that Officer Lehmann mentioned Violet's Kendall allegation in a police report. The letter was discussed and examined at trial and both Violet and Highshaw's testimony established that Violet's disclosure concerning Kendall was about a separate incident.

¶25 Given this context—where the Kendall letter reiterated information that the defense already had concerning a separate incident—Murray cannot show that it would have been clearly stronger for postconviction counsel to argue that trial counsel provided ineffective assistance for failing to seek a mid-trial adjournment to investigate the letter. The circuit court properly exercised its discretion when it denied Murray's motion without a hearing.

---

[6] Murray relies on *State v. Starks*, 2013 WI 69, ¶60 n.12, 349 Wis. 2d 274, 833 N.W.2d 146, to argue that the clearly stronger standard does not apply to his claim that trial counsel failed to investigate the Kendall letter. In footnote twelve, the majority in *Starks* wrote: "The dissent takes issue with the fact that the 'clearly stronger' standard cannot be applied to every other type of ineffective assistance claim, such as the failure to investigate. Of course it can't. By definition, the test is limited to claims alleging the failure to raise arguments." ***Id.*** (internal citation omitted).

Here, the claim at issue is one alleging postconviction counsel's failure to raise an argument. The clearly stronger standard applies.

¶26  Murray alternatively asks us to use our discretionary powers and reverse in the interest of justice. *See* WIS. STAT. § 752.35. Such reversals "should be granted only in *exceptional* cases." **State v. McKellips**, 2016 WI 51, ¶30, 369 Wis. 2d 437, 881 N.W.2d 258 (emphasis in **McKellips**; citation omitted). Here, Murray argues for discretionary reversal because he believes the real controversy has not been fully tried. His argument is based on two grounds: (1) he received ineffective assistance from trial counsel concerning the Kendall letter; and (2) the evidence was insufficient because Violet's testimony was not corroborated.

¶27  As to Murray's first assertion, his argument fails for the same reasons that his ineffective assistance arguments were insufficient to warrant a hearing under WIS. STAT. § 974.06. The jury heard that Violet accused Kendall of assaulting her—in a separate incident from Murray's repeated sexual assaults. As to the second assertion, we have already addressed this very issue and will not revisit it. *See* **Murray I**, No. 2016AP481-CR, ¶¶21-27; *see also* **State v. Witkowski**, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding[.]"). We are not convinced that this is the type of exceptional case warranting an exercise of our discretionary powers.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.