STATE of Wisconsin, Plaintiff-Respondent,

v.

Gerald A. WITKOWSKI, Defendant-Appellant.

Court of Appeals

*No. 90–1636. Submitted on briefs March 8, 1991.—Decided June 13, 1991.*

(Also reported in 473 N.W.2d 512.)

For the defendant-appellant the cause was submitted on the briefs of *William J. Tyroler,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Barry M. Levenson,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J.   Gerald Witkowski appeals from an order denying his motion, brought under sec. 974.06, Stats., to reverse his conviction for attempted armed robbery on the grounds that the evidence was insufficient to sustain the verdict on the theory submitted to the jury.

The issues are: (1) whether the appeal became moot when Witkowski died while his sec. 974.06, Stats., motion was pending before the trial court; and (2) whether the motion lies in light of our decision in his direct appeal, *State v. Witkowski,* 143 Wis. 2d 216, 420 N.W.2d 420 (Ct. App. 1988) *(Witkowski I).* We hold that Witkowski's death did not moot the motion or the appeal from its denial, but that our decision in the direct appeal precludes the issues he attempts to raise here. We therefore affirm the order.

The crime of armed robbery requires, among other things, the "use or threat of use of a dangerous weapon." Sec. 943.32(2), Stats. The facts surrounding Witkowski's conviction are discussed in *Witkowski I* and need not be repeated in detail here. Suffice it to say that he told the victim—a bartender—that he had a gun and that she should "not be cute" but empty the cash register and give it to him, which she did. After he was subdued by other patrons in the tavern, it turned out that Witkowski was not armed. We upheld the jury's finding of guilt on the charge of attempted armed robbery on grounds that the evidence could support a finding that the bartender could reasonably have believed that Witkowski was in fact armed when he made the threat and demanded the money.

As grounds for the motion on which this appeal is based, Witkowski maintained that the case was tendered to the jury on the theory that he in fact possessed a weapon when he threatened the bartender and that because he did not, the evidence was insufficient to sustain his conviction.

Sometime after he filed the motion—but before the trial court had ruled on it—Witkowski died. Relying on the supreme court's decision in *State v. McDonald,* 144 Wis. 2d 531, 424 N.W.2d 411 (1988), the trial court ruled

987

that Witkowski's death did not moot the motion and proceeded to consider it. The court, after determining that Witkowski's arguments relating to the jury instruction and the sufficiency of the evidence involved issues raised and considered on the direct appeal, held that, because they were not "of constitutional dimension," they were not cognizable on a motion under sec. 974.06, Stats.[1] This appeal followed.

## I. MOOTNESS

The state argues that the case is moot. Because courts act only to determine actual controversies—not to announce abstract principles of law or render purely advisory opinions, *State ex rel. Ellenburg v. Gagnon,* 76 Wis. 2d 532, 535, 251 N.W.2d 773, 774-75 (1977) (citation omitted)—we will not consider moot questions or cases. *Reserve Life Ins. Co. v. La Follette,* 108 Wis. 2d 637, 643, 323 N.W.2d 173, 176 (Ct. App. 1982).

The supreme court held in *McDonald* that a motion for postconviction relief survives the defendant's death. *Id.,* 144 Wis. 2d at 532, 424 N.W.2d at 412. Because *McDonald* involved a direct appeal rather than a sec. 974.06, Stats., motion, the state argues that we should

[1]Section 974.06, Stats., allows a sentence to be vacated, set aside or corrected "upon the ground that the sentence was imposed in violation of the U.S. Constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack . . .."

Witkowski correctly notes that, under *State v. Stawicki,* 93 Wis. 2d 63, 67-68, 286 N.W.2d 612, 614 (Ct. App. 1979), sufficiency-of-the-evidence issues can be "of constitutional dimension."

limit its application to direct appeals and rule the instant appeal moot. We, of course, are bound by decisions of the state's highest court. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984). We see nothing in *McDonald* to support the state's argument.

■

The *McDonald* court stated its holding in broad language: "We conclude that when a defendant dies *while pursuing postconviction relief,* [his or her] right to bring an appeal continues." *Id.,* 144 Wis. 2d at 532, 424 N.W.2d at 412 (emphasis added). Justice Day warned in his dissenting opinion in *McDonald* that, given the majority's holding, postconviction proceedings other than direct appeals—specifically, the no-time-limit motions authorized by sec. 974.06, Stats.—were only a short way down the "slippery slope" the court was embarking upon by refusing to hold Judge McDonald's appeal moot. *Id.* at 545–46, 424 N.W.2d at 417 (Day, J., *dissenting*). Obviously, the *McDonald* majority was not persuaded by the argument—with the result, in our opinion, that the case cannot be read as narrowly as the state would have us do. Indeed, the broad language chosen by the court to express its holding appears to dictate an equally broad application. Following *McDonald,* we conclude that Witkowski's appeal was not mooted by his death.

## II.  THE MERITS OF THE APPEAL

The state argues that, should we reach the merits, we should hold that the sec. 974.06, Stats., motion does not lie because our decision in *Witkowski I* resolved the issues raised in the motion. We agree.

A motion under sec. 974.06, Stats., is not a substitute for a direct appeal. *State v. Nicholson,* 148 Wis. 2d 353, 360, 435 N.W.2d 298, 301 (Ct. App. 1988). A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue. *See State v. Kern,* 442 N.W.2d 381, 382 (Neb. 1989) (motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased). Other courts have reached the same result where defendants attempted to apply new "theories" to matters previously litigated. *See, e.g., Price v. State,* 779 S.W.2d 6, 7 (Mo. Ct. App. 1989) (matter decided on direct appeal may not be relitigated in postconviction relief proceedings even if movant offers a different theory); and *Commonwealth v. Curtin,* 529 A.2d 1130, 1132 (Pa. Super. Ct. 1987) (a finally litigated ground for relief may not be relitigated every time a new legal theory is advanced). We believe that is what Witkowski has done here: he has simply rephrased—or re-theorized—the matters raised in his first appeal.

Witkowski disagrees. He maintains that the issues he raises here are quite different from those in *Witkowski I.* He characterizes his first appeal as dealing with the sufficiency of the evidence to establish that the victim reasonably could believe she was being threatened with use of a weapon based on verbal representations alone, and he posits that his present appeal challenges the sufficiency of the evidence to establish that he actually possessed a gun on the night in question. He asserts that this is the way the case was presented to the jury—that, under the court's instructions, his conviction had to have been "based on the theory [that] he actually

990

possessed a gun . . .." And because the evidence established that he was in fact unarmed, he maintains that "the conviction [cannot] be sustained."

We did hold in the first appeal that verbal representations alone could form the basis of a reasonable belief on the victim's part that the defendant was armed. *Witkowski,* 143 Wis. 2d at 218, 420 N.W.2d at 421. We also considered and rejected Witkowski's challenge to the sufficiency of the evidence as to whether the victim could reasonably have believed he was armed at the time. *Id.* at 223–25, 420 N.W.2d at 423–24. In reviewing the sufficiency of the evidence to convict, we considered the trial court's instruction to the jury that one of the elements of the offense was that Witkowski, at the time of the taking, must have "threatened the use of a dangerous weapon."[2] *Id.* at 220, 420 N.W.2d at 421–22. We agree with the state that this instruction, which is cast in the language of the statute defining the crime of armed robbery, requires only a threat to use a weapon. And while, as the present pattern armed robbery instruction suggests, there can be two types of threats—purely verbal threats and threats accompanying the exhibition of objects resembling weapons—this case was tried on the theory of a verbal threat alone and was submitted to the jury under the then-current pattern instructions defining attempted armed robbery.[3] It was neither tried nor sub-

[2]The instruction, which Witkowski acknowledges was given to the jury, appears to belie his assertion on this appeal that "the only proposition deliberated by the jury [was] whether [he] actually possessed a gun."

[3]Witkowski, pointing to the 1990 edition of the pattern armed robbery instruction, Wis J I—Criminal 1480, argues that a separate instruction is necessary in cases where the evidence does not reveal possession of a weapon but is based on a purely verbal

mitted on any theory that Witkowski actually possessed a weapon when he confronted the bartender. Indeed, the evidence was uncontradicted at trial that he did not.

There is nothing new in the present appeal. Witkowski's attempts to rephrase or re-theorize his previously-litigated challenge are of no avail. His sec. 974.06, Stats., motion seeks only to relitigate matters considered on his direct appeal and the trial court properly dismissed it.

*By the Court.*—Order affirmed.

threat. The instruction to which he refers, of course—and as the committee comment indicates—was drafted in light of *Witkowski I* in order to "reflect the rule recognized" therein. Wis J I—Criminal 1480, pp. 6–7 n.17 (1990). We decline Witkowski's invitation to overturn his conviction because the trial court failed to submit a pattern instruction not in existence at the time of trial.