PER CURIAM.
¶1 Kwesi B. Amonoo, pro se , appeals a circuit court order denying his fourth postconviction motion for a new trial under WIS. STAT. § 974.06 (2009-10).[1] Amonoo argued in the motion that he was entitled to a new trial based on newly discovered evidence. On appeal, he argues that the circuit court erroneously exercised its discretion when it denied the motion without an evidentiary hearing. For the reasons discussed below, we affirm the order of the circuit court.
BACKGROUND
¶2 This is Amonoo's fifth appeal related to his 1995 conviction, entered after a jury found him guilty of two counts of attempted first-degree intentional homicide and four counts of first-degree reckless endangerment of safety. The charges against Amonoo arose from a shooting outside a Kohl's grocery store. On direct appeal, we affirmed his convictions and the order denying his postconviction motion.
¶3 In 2010, Amonoo filed a motion for a new trial under WIS. STAT. § 974.06 on the basis of ineffective assistance of trial counsel. The circuit court denied the motion without a hearing, and Amonoo appealed. This court affirmed the order of the circuit court.
¶4 In 2013, Amonoo filed a second motion for a new trial under WIS. STAT. § 974.06, this time on the basis of newly discovered evidence. In support of the motion, Amonoo submitted multiple affidavits, including affidavits from Nakisha Sanders and Marcus Johnson, averring that another individual, David Walker, had confessed to the crime for which Amonoo was incarcerated. According to Amonoo, Walker committed suicide at some point after making the purported confessions. The circuit court denied Amonoo's motion for a new trial without a hearing, and we affirmed on appeal.
¶5 Amonoo filed a third motion for a new trial under WIS. STAT. § 974.06 in 2015, again on the basis of newly discovered evidence. Amonoo attached the same affidavits that were submitted with his prior motion for a new trial, and also added an additional affidavit from Sesi Edu. Edu averred that she had seen Walker commit the shooting and also that Walker confessed to the shooting. Edu's affidavit also stated that she tried to "forget about the ordeal" until she connected with several people on Facebook who knew Amonoo. The circuit court denied the motion for a new trial without a hearing, and we affirmed on appeal.
¶6 The current appeal arises from Amonoo's fourth postconviction motion for a new trial under WIS. STAT. § 974.06. Amonoo again bases his motion on a claim of newly discovered evidence. Included with the motion are multiple affidavits. Most of the affidavits already were submitted with Amonoo's prior postconviction motions and were considered by this court in his previous appeals.[2] We will not reiterate their contents here. The only affidavits not previously submitted are Amonoo's own affidavit dated May 16, 2017, and the affidavit of La'Precious Hill dated March 8, 2017.
¶7 In her affidavit dated March 8, 2017, Hill avers that she was visiting a friend named Tyesha Quinn in Milwaukee on an unspecified date. They had plans to meet Quinn's friend known as "Tone" at a restaurant, but Tone did not show up. The affidavit further states that Hill then went with Quinn to a Kohl's grocery store and that, as they neared the store, they saw a "guy standing in the street" who shot at a group of people near the store entrance. Quinn informed Hill that the shooter was "Tone," which was Walker's nickname. Hill's affidavit also states that she saw Walker about 30 minutes after the shooting, and that Walker mentioned he couldn't meet up at the restaurant because "he had to get down on some people that had jumped him at school."
¶8 Amonoo's own affidavit of May 16, 2017, describes how he came to learn that Hill purported to have seen the shooting. According to the affidavit, Amonoo learned during "a phone conversation with an associate named Stacie" that an individual named James Mays wanted to speak to him. Mays told Amonoo that Quinn had been "telling anybody who would listen, while high & drinking heavily, that she and someone named La'Precious saw David Walker shoot the people that I was locked up for." Amonoo's daughter then searched for and located La'Precious Hill on Facebook.
¶9 As with his first three motions for a new trial, the circuit court denied Amonoo's fourth motion without a hearing. Amonoo now appeals.
STANDARD OF REVIEW
¶10 The decision to grant or deny a motion for a new trial based on newly discovered evidence is committed to the discretion of the circuit court. State v. Avery , 2013 WI 13, ¶22, 345 Wis. 2d 407, 826 N.W.2d 60. We review the circuit court's decision for an erroneous exercise of discretion. Id. A court erroneously exercises its discretion when it applies the wrong legal standard or makes a decision not reasonably supported by the facts of record. Id. , ¶23.
DISCUSSION
¶11 Amonoo asserts that the newly discovered evidence described in his most recent postconviction motion meets the criteria for a new trial and that the circuit court erred when it denied the motion. For the reasons discussed below, we disagree.
¶12 A defendant seeking a new trial based on newly discovered evidence must establish "by clear and convincing evidence, that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." State v. Armstrong , 2005 WI 119, ¶161, 283 Wis. 2d 639, 700 N.W.2d 98 (quoted source omitted). The circuit court properly stated this four-prong test in its order denying Amonoo's postconviction motion. The circuit court assumed, without deciding the issue, that Amonoo had satisfied these four general requirements. We make the same assumption on appeal, without deciding the issue.
¶13 However, even when the four prongs of the newly discovered evidence test are satisfied, a court also "must determine whether a reasonable probability exists that a different result would be reached in a trial." Avery , 345 Wis. 2d 407, ¶25 (quoted source omitted). Here, the circuit court concluded:
Given the damning trial testimony from the six eyewitnesses, the highly suspect affidavits of the "newly-discovered" eyewitnesses, and the deficiencies in the other affidavits that have been submitted in this case, the court finds that there is no reasonable probability that Hill's affidavit, by itself or linked with the other affidavits, would result in a different verdict at a new trial in this case.
We cannot say that the circuit court erroneously exercised its discretion in reaching this conclusion.
¶14 A reasonable probability of a different result exists if there is a reasonable probability that a jury, looking at both the old and the new evidence, would have a reasonable doubt as to the defendant's guilt. Id. , ¶22. Here, the circuit court considered the information contained in the two new affidavits, as well as the evidence from trial. The court cited trial testimony from six eyewitnesses that placed Amonoo at the same scene as the shooter. The court noted that, by testifying for the State, those six individuals "put their credibility on the line." The court determined that there was no reasonable probability that any reasonable jury would discredit the testimony of six trial witnesses in favor of two purported eyewitnesses, Hill and Edu, who didn't come forward until years later, after being tracked down on Facebook.
¶15 The circuit court's decision reflects a proper exercise of discretion because it reflects application of the correct legal standard and is supported by the record, which contains overwhelming evidence that Amonoo committed the shooting. Six trial witnesses identified Amonoo in court as the shooter. One of the witnesses, Crystal Long, testified that she met Amonoo inside the Kohl's store before she saw him shoot at a group of men outside of the store. The other five witnesses, who left the store together, testified that they saw Amonoo pull out a gun and shoot at their group when they left the store. Two witnesses out of the group of five testified that they knew Amonoo from school.
¶16 Amonoo attempts to attack the credibility of the trial witnesses and to cast doubt on their identifications of him, both in photo arrays and in court. However, Amonoo previously raised these same arguments in his first postconviction motion for a new trial, and we rejected the arguments on appeal. The claims are therefore barred under State v. Witkowski , 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").
¶17 Based on all of the above, we conclude that the circuit court did not erroneously exercise its discretion when it denied Amonoo's motion without a hearing.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

All references to the Wisconsin Statutes are to the 2009-10 version unless otherwise noted.

The affidavit of Sesi Edu was submitted previously with Amonoo's 2015 motion. The affidavits of Amonoo's deceased mother, of his sister, and of Marcus Johnson were submitted with Amonoo's 2013 motion.