COURT OF APPEALS
DECISION
DATED AND FILED

August 18, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2446-CR**

Cir. Ct. No. 2010CF162

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MURRY LOCKE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Oconto County: DONALD R. ZUIDMULDER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Murry Locke, pro se, appeals from an order denying his motion for sentence modification based on two allegedly new factors.

The first alleged new factor was that one of Locke's read-in offenses involved the violation of a statute that was later found to be unconstitutional. Locke asserts the court improperly considered that offense at his resentencing. The second alleged new factor was Locke's unawareness, during his resentencing, of the circumstances under which a resentencing court can lawfully impose a sentence longer than that levied at the original sentencing. Locke argues that by imposing a longer sentence upon his resentencing here, the court violated his rights to due process and to be free from double jeopardy. For the reasons stated herein, we conclude that Locke has not shown a new factor that warrants modification of his sentence. Accordingly, we affirm.

## BACKGROUND

¶2      In 2010, Locke was charged with ten counts of possession of child pornography and with intentionally photographing a minor, as a sex offender, contrary to WIS. STAT. § 948.14 (2015-16).[1] Pursuant to a plea agreement, Locke pled no contest to two counts of possession of child pornography, with the other eight possession counts and the count of photographing a minor being dismissed but read in at sentencing. After accepting Locke's pleas and finding him guilty, the circuit court imposed consecutive sentences of ten years' imprisonment on each count, with each ten-year term consisting of five years of initial confinement and five years of extended supervision. The total of the sentences was therefore ten years' initial confinement and ten years' extended supervision.

---

[1] The two sets of charges were made in separate circuit court cases, both of which were resolved by a global plea agreement.

¶3 Locke successfully appealed on the basis that the State had breached the plea agreement at sentencing, and we reversed Locke's conviction and remanded for resentencing. *State v. Locke*, No. 2012AP2029-CR, unpublished slip op. (WI App July 30, 2013). Thereafter, Locke was resentenced by a different judge. At Locke's resentencing, the circuit court imposed consecutive sentences of twenty-five years' imprisonment on each count, consisting of fifteen years of initial confinement and ten years of extended supervision, for a total of thirty years' initial confinement and twenty years' extended supervision. The parties later stipulated that Locke's counsel at the resentencing hearing was constitutionally ineffective, after which the court vacated the judgment of conviction and ordered Locke to be resentenced, once again, before a new judge.

¶4 A third judge—the Honorable Donald Zuidmulder—then sentenced Locke. This time, the circuit court imposed consecutive sentences of twelve years' imprisonment on each count, consisting of seven years of initial confinement and five years of extended supervision, for total sentences of fourteen years' initial confinement and ten years' extended supervision.

¶5 Locke's appellate counsel then filed a no-merit appeal, to which Locke filed a response. *State v. Locke*, No. 2015AP1860-CRNM, unpublished slip op. and order at 1-2 (WI App Mar. 1, 2017). One of the issues Locke raised in his response to the no-merit report was that "some error must flow from the sentencing court's review of the DOC PSI which, according to Locke, spoke 'at length about the read-in charge of [intentionally photographing a minor as a sex offender].'" *Id.* at 5. We concluded that "other than to provide background information, details concerning the prosecution of [that charge] were removed" from the PSI, and that the charge "was never mentioned by the court at resentencing." *Id.* Ultimately, we rejected Locke's arguments, accepted the

no-merit report, and summarily affirmed the judgment of conviction. ***Id.*** at 7. Our supreme court then denied review.

¶6 In 2018, Locke moved for sentence modification based on two alleged new factors. He first argued that because the statute prohibiting a sex offender from photographing a minor had been found unconstitutional in 2015, his violation of that statute should not have been read in at sentencing or mentioned in the PSI. Locke also asserted that when he was resentenced, he was unaware that he could not receive longer sentences than the previous sentences unless new negative information was presented to the court.

¶7 The circuit court denied Locke's motion, concluding that the unconstitutionality of the statutory predicate for the read-in offense, WIS. STAT. § 948.14 (2015-16), was not "highly relevant" to Locke's resentencing. The court also concluded that even if the unconstitutionality of that statute were a new factor, it would not warrant sentence modification. The court did not address Locke's argument that his unawareness regarding what sentences the court could permissibly impose on resentencing was also a new factor. Locke now appeals.

**DISCUSSION**

¶8 A circuit court may modify a defendant's sentence upon the showing of a new factor. ***State v. Harbor***, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. A new factor consists of facts "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." ***Id.***, ¶40 (quoting ***Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975)). A defendant seeking sentence modification "must demonstrate both the existence of a new factor and that the

new factor justifies modification of the sentence." ***Harbor***, 333 Wis. 2d 53, ¶38. The defendant "has the burden to demonstrate by clear and convincing evidence the existence of a new factor." ***Id.***, ¶36 (citing ***State v. Franklin***, 148 Wis. 2d 1, 8-9, 434 N.W.2d 609 (1989)).

¶9      Whether the facts presented constitute a new factor is a question of law, which we review independently of the circuit court. ***Harbor***, 333 Wis. 2d 53, ¶33.  However, "[t]he determination of whether that new factor justifies sentence modification is committed to the discretion of the circuit court," and that decision is reviewed for an erroneous exercise of discretion. ***Id.***

¶10      Locke's first claim for sentence modification is based on a new factor—namely, that one of Locke's read-in offenses involved the violation of a statute that was later found to be unconstitutional, such that the court improperly considered that offense at his resentencing.  This claim fails for two reasons.

¶11      First, under ***State v. Witkowski***, 163 Wis. 2d 985, 473 N.W.2d 512 (Ct. App. 1991), Locke is procedurally barred from relitigating this issue. Following his final resentencing, Locke's appellate counsel filed a no-merit appeal, and Locke filed a response to the no-merit report.  ***Locke***, No. 2015AP1860-CRNM, at 1.  In that response, Locke raised an issue regarding the circuit court's consideration of the PSI, which according to Locke was problematic because it discussed his offense related to photographing a minor despite that statute having been found unconstitutional.  ***Id.*** at 5.  We specifically rejected Locke's claim regarding how that read-in offense impacted his sentencing, concluding that it lacked even arguable merit.  ***Id.***  Locke cannot raise that issue again in this appeal.  *See **Witkowski***, 163 Wis. 2d at 990 ("A matter once

litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").

¶12 Locke's claim regarding this new factor also fails on the merits. As the circuit court recognized in its order denying Locke's motion for sentence modification, the problematic read-in offense was not highly relevant to the sentences that the court imposed for possession of child pornography. Judge Zuidmulder stated that when he resentenced Locke, he "focused [the court's] lengthy explanation of its sentencing determination in Locke's case on the crimes of which Locke had been convicted, and throughout that explanation the Court made no reference to any of the read in counts." Regarding the specific read-in offense of being a sex offender photographing a child, the court noted that it "made no mention whatsoever of th[at] read in charge."

¶13 Locke points to nothing in the record, including in the circuit court's sentencing remarks, demonstrating that the read-in offense was highly relevant to the sentence imposed. Although Locke does not dispute that the court never mentioned the read-in offense when it resentenced him, Locke contends the read-in charge "is mentioned repeatedly in" the PSI, the private PSI, and the criminal complaint, making its high relevance to all involved in the case "obvious." We disagree. Indeed, as we stated when we accepted the no-merit report, the PSI removed details concerning that offense, other than to provide basic background information, and, again, the court never mentioned that charge at resentencing. *Locke*, No. 2015AP1860-CRNM, at 5. Nothing Locke argues on appeal adequately addresses these previously acknowledged circumstances, nor

does he otherwise establish this alleged new factor by the required clear and convincing evidence.[2]

¶14 Locke's other claim for sentence modification fares no better. Locke argues the circuit court violated his constitutional rights at his third sentencing when it imposed longer sentences than he originally received.[3] Locke contends he was unaware at the time of resentencing that the circuit court could not impose a longer sentence than he originally received unless it pointed to new information justifying a longer sentence, and that this unawareness is a new factor warranting sentence modification. While the circuit court did not address this issue, we conclude that the record conclusively demonstrates that Locke is not entitled to relief on this claim.

¶15 As an initial matter, we question both whether this type of claim constitutes a "new factor" issue and whether it might be procedurally barred. As to the former question, a defendant's own unawareness of the particular contours of sentencing law hardly seems to be a "fact" "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing."

---

[2] The circuit court also concluded that even if the read-in offense being based on an unconstitutional statute was a new factor, it would not exercise its discretion to modify Locke's sentence. The court noted, again, that it did not consider the read-in offense when it imposed the sentence. The court further stated that "the sentence the Court imposed would not have been any different had there been one fewer read-in charge; rather, as indicated above, the Court focused its sentencing determination on the facts underlying the offenses of which Locke had actually been convicted, as well as the other relevant sentencing factors." On appeal, Locke does not address the court's conclusions in this regard.

[3] In fact, the latest sentences totaling fourteen years' initial confinement and ten years' extended supervision were only "longer" in relation to Locke's first sentences, which totaled ten years' initial confinement and ten years' extended supervision. After Locke's first sentences were vacated, he received sentences totaling thirty years' initial confinement and twenty years' extended supervision. However, we assume for purposes of appeal that Locke's total present sentence was a "longer" sentence than he was originally given.

*Harbor*, 333 Wis. 2d 53, ¶40 (citing *Rosado*, 70 Wis. 2d at 288). At best, if the court did make a legal error—which, as we explain below, it did not—and if Locke's counsel failed to object, all that could arise would be a claim of ineffective assistance of counsel. As to the latter question, Locke could have raised such an issue in his response to his counsel's no-merit report. If the required no-merit procedure was properly followed, a defendant may not raise an issue in a subsequent postconviction motion that he or she could have raised in response to a no-merit report, absent a sufficient reason for failing to raise the issue earlier in the no-merit appeal. *State v. Allen*, 2010 WI 89, ¶61, 328 Wis. 2d 1, 786 N.W.2d 124.

¶16 In any event, we reject Locke's argument on the merits. His argument relies on the notion that he was given a longer sentence upon resentencing as punishment for challenging his earlier sentence. Contrary to Locke's argument, there is no presumption of vindictiveness on the circuit court's part merely because a defendant receives a greater penalty when he or she is resentenced after his or her original sentence is vacated. *See State v. Naydihor*, 2004 WI 43, ¶38, 270 Wis. 2d 585, 678 N.W.2d 220. Rather, a presumption of vindictiveness applies only when there exists a "'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (citation omitted). As relevant here, the presumption of vindictiveness does not apply when "the defendant was resentenced by a different judicial authority at his request due to a non-judicial defect at the original sentencing hearing, and the resentencing was granted by the original court in which the defect occurred." *Naydihor*, 270 Wis. 2d 585, ¶56.

¶17 The foregoing is precisely what occurred here. Just like in *Naydihor*, Locke was resentenced by a different judge at his request, due to an error by someone other than the judge (it was his own defense counsel's failings), and the court that imposed the overturned sentence granted the motion for resentencing. *See id.* In this context, there is "no realistic motive for vindictive sentencing" and "no hazard" that Locke was being punished for seeking enforcement of his plea bargain or seeking a new sentence because of the ineffective assistance of his counsel. *See id.* Notably, Locke did not even address *Naydihor* in his reply brief to this court, and he did so only superficially in his initial brief.

¶18 "[W]here the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Wasman v. United States*, 468 U.S. 559, 569 (1984). Locke does little to claim actual vindictiveness on the part of Judge Zuidmulder, much less prove its existence. At most, Locke asserts that the resentencing court was vindictive because, in its decision denying his motion to modify his sentence, the court did not mention the reasons for increasing the sentence or "specify on the record what new factors it used to increase the sentence."[4] None of the authorities on which Locke relies required the court to address these issues, and any such omission does not prove vindictiveness. Locke points to nothing in the transcript of the resentencing hearing, or any other circumstance, that demonstrates vindictiveness. He therefore has, again, not

---

[4] Locke relies on a 1992 unpublished opinion, *State v. Norwood*, No. 1992AP334, unpublished slip op. (WI App Dec. 2, 1992). Citation to, and reliance on, such a case are prohibited by WIS. STAT. RULE 809.23(3) (2017-18). We recognize that Locke is proceeding pro se, but even pro se appellants are required to follow the rules of appellate procedure. *See Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). In any event, for the foregoing reasons, we do not discuss the *Norwood* case in this opinion.

9

shown by clear and convincing evidence a new factor warranting sentence modification.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).