COURT OF APPEALS
DECISION
DATED AND FILED

May 19, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2019AP1782**
**2019AP1783**

Cir. Ct. Nos. **2012CF1393**
**2013CF270**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DELANTE D. HIGGENBOTTOM,

DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Racine County: TIMOTHY D. BOYLE, Judge. *Affirmed*.

Before Reilly, P.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM. In these consolidated cases, Delante D. Higgenbottom appeals pro se from orders denying his postconviction motion for relief. He contends that he received ineffective assistance of counsel. He further contends that he is entitled to a new trial in the interest of justice. For the reasons that follow, we affirm.

¶2  Higgenbottom was convicted following a jury trial of armed robbery as party to a crime, felon in possession of a firearm, and carrying a concealed weapon. The charges stemmed from two separate cases that were consolidated for trial.

¶3  In the first case, Higgenbottom was accused of participating in an armed robbery with Ashley Ferguson and Tramell Grier. According to the complaint, Ferguson lured the victim to a hotel parking lot where Higgenbottom and Grier robbed him at gunpoint.

¶4  In the second case, Higgenbottom was accused of possessing a gun that matched the victim's description of the one used in the robbery. The weapon was discovered under the front seat of Higgenbottom's vehicle when he and Ferguson were stopped by police hours after the robbery. Higgenbottom admitted that the gun was his, and he was a convicted felon at the time.

¶5  This court affirmed Higgenbottom's convictions on direct appeal. *State v. Higgenbottom*, Nos. 2016AP457-CR and 2016AP458-CR, unpublished slip op. (WI App May 17, 2017). In doing so, we rejected a number of arguments, including claims that trial counsel was ineffective for (1) not challenging the initial stop of Higgenbottom's vehicle; (2) not questioning State's witnesses about inconsistencies between police reports and testimony related to items found in the

search of the vehicle; and (3) not obtaining copies of "stale" search warrants that would have allowed for a motion to suppress Higgenbottom's cell phone records.

¶6      One year later, Higgenbottom filed a motion for postconviction relief pursuant to WIS. STAT. § 974.06 (2019-20).[1]  Again, he alleged ineffective assistance of counsel, faulting trial counsel for not challenging the initial stop and search of his vehicle.  He also faulted postconviction counsel for not raising claims related to the State's withholding of "void" search warrants for his cell phone records and using that evidence at trial.  Additionally, Higgenbottom complained that his trial counsel failed to impeach a State's witness and failed to object to the circuit court's use of inaccurate information.[2]  After a hearing on the matter, the circuit court denied the motion.  This appeal follows.

¶7      On appeal, Higgenbottom contends that the circuit court erred in denying his postconviction motion for relief.  He renews his claims of ineffective assistance of counsel and seeks a new trial in the interest of justice.

¶8      "We need finality in our litigation."  *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).  Therefore, any claim that could have been raised in a prior postconviction motion or direct appeal cannot form the basis for a subsequent motion under WIS. STAT. § 974.06 unless the defendant demonstrates a sufficient reason for failing to raise the claim earlier.  *Escalona-*

---

[1]  All references to the Wisconsin Statutes are to the 2019-20 version.

[2]  The State's witness was the police officer who found the gun.  Higgenbottom accused him of providing false testimony regarding the circumstances under which Higgenbottom admitted that the gun was his.  The alleged inaccurate information, meanwhile, pertained to the officer's reasons for asking Ferguson to get out of the vehicle during the stop.  The circuit court found these claims to be speculative and inconsequential.

*Naranjo*, 185 Wis. 2d at 185. Furthermore, a defendant may not relitigate a matter previously litigated, "no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶9 Applying these principles, we conclude that Higgenbottom's claims of ineffective assistance of counsel are procedurally barred. The issues related to the stop and search of his vehicle and the validity of the search warrants for his cell phone records were previously raised on direct appeal and cannot be relitigated. *Id.* As for the other issues raised in Higgenbottom's postconviction motion, he has not demonstrated a sufficient reason for failing to raise them earlier. *See Escalona-Naranjo*, 185 Wis. 2d at 185.

¶10 Although ineffective assistance of postconviction counsel may constitute a sufficient reason for failing to raise an available claim on direct appeal, *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668, Higgenbottom has not established that here. His postconviction motion failed to show with specificity why and how his new claims were "clearly stronger" than the ones actually raised by postconviction counsel. *Id.*, ¶¶45, 46. Likewise, it failed to reveal how he was prejudiced in light of the other evidence

against him.[3]  Accordingly, we are satisfied that the circuit court properly denied the motion.

¶11    Finally, we address Higgenbottom's argument that he is entitled to a new trial in the interest of justice.  He asks for this relief pursuant to WIS. STAT. § 752.35, which allows this court to reverse a judgment "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried."

¶12    We exercise our discretionary power to grant a new trial infrequently and judiciously.  *State v. Ray*, 166 Wis. 2d 855, 874, 481 N.W.2d 288 (Ct. App. 1992).  We have already determined that Higgenbottom's claims were either previously litigated or not shown to be clearly stronger than the ones raised before. We are not convinced that the real controversy was not fully tried or that justice miscarried.  As a result, we decline to order a new trial pursuant to WIS. STAT. § 752.35.[4]

---

[3] As noted by the State, the evidence against Higgenbottom was overwhelming.  This included (1) cell phone records placing him near the scene of the armed robbery; (2) a surveillance video placing a man with the same distinctive coat as Higgenbottom near the scene of the armed robbery; (3) items found in Higgenbottom's vehicle (gun, hats, ear-warmers) consistent with the victim's description of what the robbers used/wore; (4) Higgenbottom's admission that the gun in the vehicle was his; (5) cash found in Higgenbottom's pocket consistent with the victim's account of what was taken; and (6) Ferguson's testimony against Higgenbottom.

[4] To the extent we have not addressed an argument raised by Higgenbottom on appeal, the argument is deemed rejected.  *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).

5

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.