# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP734**

Cir. Ct. No. **2012CF93**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES ARNOLD LEWIS,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. James Arnold Lewis, *pro se*, appeals from an order of the trial court denying his third motion filed pursuant to WIS. STAT. § 974.06 (2019-20),[1] without a hearing. We conclude that the claims that Lewis raises are procedurally barred, and therefore, the trial court properly denied his motion without a hearing. Thus, for the reasons set forth below, we affirm.

## BACKGROUND

¶2 Following a jury trial in 2013, Lewis was convicted of four counts of first-degree sexual assault of a six-year old child. Three of the counts were based on acts that occurred at the child's home, and the fourth count was based on an act that occurred at a motel. Lewis was subsequently sentenced to a total of thirty-six years of imprisonment, composed of twenty-six years of initial confinement and ten years of extended supervision.

¶3 On his direct appeal in 2015, Lewis sought discretionary reversal under WIS. STAT. § 752.35, arguing that the controversy was not fully tried as a result of errors in the jury instructions and verdict forms. We rejected his argument and affirmed his conviction in *State v. Lewis* (*Lewis I*), No. 2014AP1824-CR, unpublished slip op. (WI App July 7, 2015).

¶4 Lewis, proceeding *pro se*, subsequently filed his first WIS. STAT. § 974.06 postconviction motion in 2016. He raised several claims of ineffective assistance of trial counsel and appellate counsel, along with an argument that the trial court should have granted his pretrial request for new counsel. The trial court

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

denied his motion without a hearing. On appeal, Lewis additionally argued that this court should exercise its power of discretionary reversal under WIS. STAT. § 752.35. We summarily affirmed in *State v. Lewis* (*Lewis II*), No. 2016AP1790, unpublished op. and order (WI App Aug. 7, 2017).

¶5     Again proceeding *pro se* for his second WIS. STAT. § 974.06 postconviction motion filed in 2018, he raised a claim of newly discovered evidence, arguing that he had uncovered evidence indicating that he could not have been present at the motel at the time of the fourth assault because he was taken into custody on September 3, 2011, and the child in this case moved into the motel on September 2, 2011, and lived there until February 2012. The trial court denied the motion, without a hearing, and we summarily affirmed in *State v. Lewis* (*Lewis III*), No. 2018AP491, unpublished op. and order (WI App July 2, 2019).

¶6     Lewis, again proceeding *pro se*, filed his third WIS. STAT. § 974.06 postconviction motion in 2020, raising claims of plain error, ineffective assistance of counsel, and newly discovered evidence. The trial court denied Lewis's motion, without a hearing. In denying Lewis's motion, the trial court found that Lewis's claims were barred because Lewis was attempting to "resuscitate his 2016 postconviction claims" and his newly discovered evidence claim was "largely a rehash of his 2018 sec. 974.06 motion." In regards to the newly discovered evidence raised by Lewis, the trial court alternatively found that the information presented was "not new information in this case," and therefore, it did not constitute newly discovered evidence.

¶7     Lewis filed two motions for reconsideration, which the trial court also denied. Lewis now appeals.

**DISCUSSION**

¶8      On appeal, Lewis raises three arguments.  First, the trial court made several mistakes when it ruled on Lewis's 2016 postconviction motion and these mistakes constitute plain error.  Second, trial counsel was ineffective in several ways, including failing to lodge certain objections, failing to call certain witnesses, and failing to properly investigate his case.  Third, newly discovered evidence about when Lewis was taken into custody in relation to the timing of the assault at the motel entitled Lewis to a new trial.  We conclude that Lewis's claims are procedurally barred, and consequently, we reject his claims.

¶9      "All grounds for relief available to a person under [WIS. STAT. § 974.06] must be raised in his or her original, supplemental or amended motion." Sec. 974.06(4).  Absent a showing of a sufficient reason, claims that a defendant could have raised earlier but did not are barred from being raised in a subsequent postconviction motion filed under § 974.06.  *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994).  "Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to *de novo* review." *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668 (emphasis added).

¶10     In this case, Lewis has failed to demonstrate a sufficient reason for failing to raise his current claims earlier.  As the trial court observed, "[t]his is the defendant's *fourth* substantial motion for postconviction relief, his *third* motion for relief under section [974.06], and his *second* section 974.06 motion alleging newly-discovered evidence."  We, thus, reject his claims as barred pursuant to *Escalona-Naranjo*.

¶11 However, we further conclude that the claims that he currently raises are barred because they are the same claims he raised in his previous WIS. STAT. § 974.06 postconviction motions. As such, they may not be relitigated in a subsequent proceeding. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶12 Lewis's first argument is premised on errors he contends the trial court made in denying his first postconviction motion filed in 2016. Lewis has previously challenged the trial court's ruling on this motion, *see Lewis II*, No. 2016AP1790, and he cannot do so again. Lewis's second argument raises the same claims of ineffective assistance of counsel that Lewis raised in that same postconviction motion from 2016. These arguments have been raised and fully litigated, and as the trial court wrote, "Section 974.06 does not permit the defendant to resuscitate his 2016 postconviction claims." "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *Witkowski*, 163 Wis. 2d at 990.

¶13 As to Lewis's third argument regarding newly discovered evidence, it is nothing more than a repackaging of his claim of newly discovered evidence raised in his second postconviction motion in 2018. Both claims of newly discovered evidence that Lewis raised in his 2018 postconviction motion and his current motion involve information about when Lewis was taken into custody and when the fourth assault took place at the motel. Lewis argued then and argues now that this information, taken together, shows he could not have been at the motel at the time of the fourth assault. The difference in this instance is that Lewis hired a private investigator to prepare a report and submitted two affidavits based on the same information provided with his 2018 postconviction motion about when he was taken into custody and when the fourth assault could have occurred

at the motel.[2]  The involvement of a private investigator and the submission of two new affidavits does not somehow transform the same information into newly discovered evidence that now entitles Lewis to a new trial, or a hearing.  Lewis has done nothing more than submit "different versions of the same evidence." Thus, Lewis's third argument is similarly barred because it has been previously litigated and rejected.[3]  *See **Witkowski***, 163 Wis. 2d at 990.

¶14     We conclude that Lewis's claims are barred, and we do not address them further.  "We need finality in our litigation. … Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation."  ***Escalona-Naranjo***, 185 Wis. 2d at 185.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] We further note that the private investigator largely relied on information provided to him by Lewis.  Much of the information provided by Lewis was the information that served as the basis for his newly discovered evidence claim in his 2018 postconviction motion.  Additionally, the information that served as the basis for Lewis's claim of newly discovered evidence in the 2018 postconviction motion was also attached to his 2016 postconviction motion.

[3] Alternatively, we observe that Lewis's claim of newly discovered evidence fails on the merits.  The information has been known to Lewis, and therefore, it does not constitute newly discovered evidence.  *See **State v. Plude***, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (listing the elements a defendant must prove for a claim of newly discovered evidence).

6