COURT OF APPEALS
DECISION
DATED AND FILED

January 22, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP338**

STATE OF WISCONSIN

Cir. Ct. No. 2014CF3290

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

DO THAO,

     DEFENDANT-APPELLANT.

       APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

       Before Donald, P.J., Geenen and Colón, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Do Thao, *pro se*, appeals from the order of the circuit court denying his motion pursuant to WIS. STAT. § 974.06 (2021-22).[1] Thao argues that his postconviction counsel was ineffective for failing to sufficiently allege prejudice in his previous postconviction motion, relating to purported deficiencies by his trial counsel. We affirm.

## BACKGROUND

¶2 In February 2015, Thao pled no contest to two counts of first-degree reckless homicide. As we explained in our decision in Thao's direct appeal:

> Thao shot and killed the driver and front seat passenger of a moving car in which he was riding as a back seat passenger. The car then crashed into a building. Thao was found in some nearby bushes with an empty gun holster attached to his belt. His clothes were covered in blood and he was extremely intoxicated. Thao told the police that he "had to do it." Thao's gun was found in the car. The driver and front seat passenger both died. Thao told the police that he had been drinking the night of the shooting and did not remember what happened. He acknowledged that the gun found in the car was his gun.
>
> Thao was initially charged with two counts of first-degree intentional homicide. Pursuant to a plea agreement, he pled no-contest to two counts of first-degree reckless homicide. The circuit court sentenced him to two consecutive terms of twenty-one years of initial confinement. Thao filed two postconviction motions to withdraw his no-contest pleas. The circuit court denied the motions.

*State v. Thao*, No. 2019AP15-CR, unpublished slip op. ¶¶2-3 (WI App Feb. 23, 2021).

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3      As relevant to this appeal, Thao argued in a supplemental postconviction motion[2] that his trial counsel was ineffective for advising him that voluntary intoxication was not an available defense. Shortly before the shootings committed by Thao occurred, Wisconsin repealed the statute allowing voluntary intoxication as an affirmative defense. *See* 2013 Wis. Act 307 (effective Apr. 18, 2014). Nevertheless, Thao filed a pretrial motion seeking to admit expert testimony regarding his intoxication. He argued that it was relevant to establish that he was unable to form the intent to kill the victims, as required to prove first-degree intentional homicide—the initial offense with which he was charged.

¶4      The circuit court denied that pretrial motion, relying on the repeal of the voluntary intoxication defense statute. It also relied on ***Montana v. Egelhoff***, 518 U.S. 37 (1996), in which the United States Supreme Court concluded that a Montana statute which precluded the use of voluntary intoxication as a defense was constitutional. ***Id.*** at 56. Thao asserted in his supplemental postconviction motion that his trial counsel abandoned this defense after that pretrial ruling, which was the deciding factor in his decision to enter into the plea agreement with the State for lesser charges of first-degree reckless homicide.

¶5      Thao further argued in his supplemental postconviction motion that ***Egelhoff*** did not preclude the use of voluntary intoxication as a basis for negating intent, one of the elements of first-degree intentional homicide. He therefore contended that his trial counsel was deficient for not pursuing the voluntary

---

[2] Thao filed a postconviction and supplemental postconviction motion as part of his direct appeal; both were denied by the circuit court. As we noted in our decision in Thao's direct appeal, although Thao appealed both of those orders, he did not raise any issues on appeal from the initial postconviction motion. ***State v. Thao***, No. 2019AP15-CR, unpublished slip op. ¶8 n.1 (WI App Feb. 23, 2021).

intoxication defense. The circuit court rejected this argument, concluding that trial counsel was not deficient for failing to make these "complex arguments." The court also found that Thao had not sufficiently demonstrated prejudice.

¶6 This court affirmed. *See **Thao***, No. 2019AP15-CR, ¶1. We concluded that even "[a]ssuming for the sake of argument that Thao's counsel's advice to Thao was based on a misinterpretation of the law—and we emphasize that we have not reached this conclusion—we reject Thao's argument that he received ineffective assistance of trial counsel" due to his failure to adequately allege that he was prejudiced by his trial counsel's actions. ***Id.***, ¶7. We stated that Thao had made "only a conclusory assertion that he would not have pled no-contest," and had failed to adequately explain why he would have taken the risk of going to trial, where he would have been facing two life sentences. ***Id.***, ¶8. Thao's petition for review with our supreme court for that decision was denied.

¶7 Subsequently, Thao filed the instant WIS. STAT. § 974.06 motion, arguing that his postconviction counsel was ineffective for failing to adequately plead prejudice in his supplemental postconviction motion. The circuit court rejected this argument. It observed that the merits of the ineffective assistance claim relating to the voluntary intoxication defense were litigated in the earlier supplemental postconviction motion. It therefore concluded that the claim in Thao's § 974.06 motion is procedurally barred. *See **State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."). This appeal follows.

**DISCUSSION**

¶8     Once the right to a direct appeal has been exhausted, WIS. STAT. § 974.06 is the mechanism for a defendant to bring constitutional claims. *State v. Henley*, 2010 WI 97, ¶52, 328 Wis. 2d 544, 787 N.W.2d 350. In a motion brought under § 974.06, however, a defendant must demonstrate that there is a "sufficient reason" that the claims in that motion were not raised in a prior motion or direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668. Whether a § 974.06 motion alleges "a sufficient reason for failing to bring available claims earlier" is a question of law that we review *de novo*. *Id.*, ¶30.

¶9     Thao's current claim in his WIS. STAT. § 974.06 motion is based on the same premise as the claim brought in his previous postconviction motion—that his trial counsel was ineffective for failing to pursue a voluntary intoxication defense. It is merely couched in different terms here, as ineffective assistance of his postconviction counsel for inadequately alleging prejudice. This is not permitted. *See Witkowski*, 163 Wis. 2d at 990.

¶10     Put another way, Thao's WIS. STAT. § 974.06 motion is procedurally barred because this issue has been fully litigated, and the claim failed. A defendant must prove both the deficiency and the prejudice prongs of the *Strickland* test, or the ineffective assistance claim fails. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Furthermore, to prove that postconviction counsel was ineffective for failing to bring ineffective assistance of trial counsel

claims, the defendant must prove that trial counsel did indeed provide ineffective assistance. *State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶11    The circuit court previously determined that Thao's trial counsel was not deficient for failing to pursue the voluntary intoxication defense, along with finding that no prejudice was demonstrated. It therefore denied Thao's ineffective assistance claim in his earlier supplemental postconviction motion. That decision was affirmed by this court, *see Thao*, No. 2019AP15-CR, ¶1, and Thao's petition for review with our supreme court was denied.

¶12    Therefore, because the ineffective assistance claim has been heard and rejected, it does not provide a sufficient reason for overcoming the procedural bar. *See Romero-Georgana*, 360 Wis. 2d 522, ¶30. Accordingly, we affirm the circuit court's order denying Thao's WIS. STAT. § 974.06 motion as procedurally barred.

　　　　*By the Court.*—Order affirmed.

　　　　This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.