COURT OF APPEALS
DECISION
DATED AND FILED

May 12, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No.      2024AP1373**

Cir. Ct. No. 1991CF913671

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

     V.

GLENN TERRELL TURNER,

     DEFENDANT-APPELLANT.

       APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed.*

       Before Donald, C.J., Colón, P.J., and Geenen, J.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Glenn Terrell Turner, pro se, appeals from an order of the circuit court denying his WIS. STAT. § 974.06 (2023-24)[1] motion without a hearing.  Turner argues that he should be permitted to withdraw his guilty plea based on newly discovered evidence.   We conclude that Turner fails to meet the requirements necessary for relief based on newly discovered evidence, and Turner's remaining arguments are procedurally barred.  Accordingly, we affirm.

## BACKGROUND

¶2      In 1992, Turner pleaded guilty to first-degree homicide while armed. The circuit court sentenced him to life imprisonment with eligibility for parole in 2017.  In 1996, Turner filed his first WIS. STAT. § 974.06 motion, which the circuit court denied in 1997.  Turner alleged that the circuit court lacked jurisdiction to sentence him because his arrest was not supported by probable cause, that his right to a speedy trial was violated, and that his confession was obtained in violation of his Fifth Amendment rights.  The circuit court concluded that these claims were barred by the guilty plea waiver rule.  Turner also alleged that his trial counsel was ineffective in six ways, but the circuit court rejected these claims as conclusory and because the record conclusively disproved them.  Finally, Turner alleged that the State failed to disclose exculpatory evidence, but the circuit court determined that this claim was also conclusory.  Turner did not appeal.

¶3      In 2003, pursuant to a habeas corpus petition, we reinstated Turner's direct appeal rights.  Turner filed a motion for postconviction relief under WIS. STAT. § 809.30, arguing that trial counsel was ineffective, that the plea colloquy was defective, that he had not actually pleaded guilty, and that the sentencing court

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

erroneously exercised its discretion. The circuit court denied Turner's motion and we affirmed, concluding that Turner failed to sufficiently plead his ineffective assistance claims, that the record conclusively disproved his challenge to the plea colloquy, that his claim that he never actually pleaded guilty was inadequately briefed, and the sentencing court did not erroneously exercise its discretion.

¶4      In 2006, Turner filed his second WIS. STAT. § 974.06 motion, alleging that postconviction counsel was ineffective for failing to investigate and pursue a claim of imperfect self defense and for failing to obtain test results pertaining to gunpowder residue and fingerprints. Additionally, Turner again alleged that he had not actually pleaded guilty. The circuit court rejected these arguments, and we affirmed, concluding that all claims were barred under either the law of the case doctrine or under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). To the extent Turner's ineffective assistance claim against postconviction counsel was not procedurally barred, we concluded that the claim was meritless.

¶5      In 2023, Turner filed his third WIS. STAT. § 974.06 motion seeking plea withdrawal. Turner raised four justifications for plea withdrawal: newly discovered evidence via the recantation of Kendrick Gatlin; a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); ineffective assistance of postconviction and appellate counsel; and an indistinct claim based on a 1994 letter from then-Governor Tommy Thompson to the Secretary of Corrections concerning parole policy.

¶6      The circuit court denied Turner's motion without a hearing. As to the first claim, the circuit court ruled that Gatlin's recantation was not corroborated by other newly discovered evidence or circumstantial guarantees of trustworthiness as required by *State v. McAlister*, 2018 WI 34, 380 Wis. 2d 684, 911 N.W.2d 77. The

circuit court denied the second, third, and fourth claims as barred by WIS. STAT. § 974.06(4) and *Escalona-Naranjo*.

¶7      Turner appeals.

## DISCUSSION

¶8      Turner appeals the circuit court's order with respect to the newly discovered evidence and ineffective assistance of counsel claims in his third WIS. STAT. § 974.06 motion.  Turner also argues that he never actually pleaded guilty and argues that the circuit court should have vacated the judgment or allowed him to withdraw his plea.  We disagree.

### I.      The circuit court did not erroneously exercise its discretion when it denied Turner's motion for plea withdrawal based on newly discovered evidence.

¶9      Turner first argues that he is entitled to plea withdrawal based on newly discovered evidence.  "After sentencing, a defendant who seeks to withdraw a guilty or no contest plea carries the heavy burden of establishing, by clear and convincing evidence, that withdrawal of the plea is necessary to correct a manifest injustice."  *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997). "Newly discovered evidence may be sufficient to establish that a manifest injustice has occurred."  *Id.*  To establish that newly discovered evidence warrants plea withdrawal to correct a manifest injustice, a defendant must prove, by clear and convincing evidence, that: (1) the evidence at issue was discovered after the defendant's conviction; (2) the defendant was not negligent in seeking (or not seeking) the evidence earlier; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.  *Id.*

¶10    However, when newly discovered evidence consists of a recantation, it "must be corroborated by other newly discovered evidence." *Id.* at 476. This is because recantation evidence is inherently unreliable. *McAlister*, 380 Wis. 2d 684, ¶56. "Corroboration requires newly discovered evidence of both: (1) a feasible motive for the initial false statement; and (2) circumstantial guarantees of the trustworthiness of the recantation." *Id.*, ¶58. A circuit court's ruling with respect to whether these criteria are met is reviewed for an erroneous exercise of discretion. *State v. Vollbrecht*, 2012 WI App 90, ¶18, 344 Wis. 2d 69, 820 N.W.2d 443; *see McAlister*, 380 Wis. 2d 684, ¶63.

¶11    Turner fails to meet at least two requirements. First, Turner did not demonstrate that he was not negligent for failing to seek the evidence of Gatlin's recantation earlier. Turner admits in his motion that he already knew Gatlin had made a statement to the police on the day of the shooting. Turner does not explain why he was not negligent for failing to question Gatlin about the truthfulness of his statement before trial, before his previous WIS. STAT. § 974.06 motions, or at any time in the past three decades.

¶12    Second, and importantly, Turner failed to corroborate Gatlin's recantation with other newly discovered evidence. While Turner arguably presents a "feasible motive" for Gatlin's initial false statement (i.e., a threat by the police to charge him with statutory rape due to his sexual relationship with a minor), he fails to present any circumstantial guarantees of the trustworthiness of Gatlin's recantation. Gatlin's statement concerns events from over 30 years ago, and he admitted that he was drinking alcohol and smoking marijuana at the time of the events. Turner also states that he learned of Gatlin's recantation after a chance meeting with Gatlin in prison. The significant length of time between Turner's trial and Gatlin's recantation "cuts against concluding" that Gatlin's statement is

"trustworthy." *See McAlister*, 380 Wis. 2d 684, ¶60. Moreover, "recantations made while in jail are 'highly suspicious.'" *Id.* at ¶61 (quoting *United States v. Walker*, 25 F.3d 540, 549 (7th Cir. 1994)). Under these circumstances, the circuit court did not erroneously exercise its discretion by concluding that Gatlin's purported recantation lacked circumstantial guarantees of trustworthiness.

¶13 Accordingly, we conclude that the circuit court did not erroneously exercise its discretion when it denied Turner's plea withdrawal motion based on newly discovered evidence.

## II. The circuit court correctly determined that Turner's other claims were procedurally barred.

¶14 Having concluded that the circuit court properly rejected Turner's argument based on newly discovered evidence, we turn to Turner's remaining claims. Turner argues that he never actually pleaded guilty and that postconviction counsel was ineffective for failing to argue that he never pleaded guilty. Both of these arguments are procedurally barred.

¶15 Turner did not argue that he never pleaded guilty in the WIS. STAT. § 974.06 motion that we review in this appeal. We typically do not address issues that are raised for the first time on appeal. *State v. Bucki*, 2020 WI App 43, ¶74, 393 Wis. 2d 434, 947 N.W.2d 152. Moreover, Turner is barred from raising this claim because we previously addressed and rejected this claim on direct review. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶16 Turner's ineffectiveness argument is also barred, but for different reasons. WISCONSIN STAT. § 974.06(4) bars successive postconviction motions

based on issues that could have been but were not raised on direct appeal or in an earlier motion absent a "sufficient reason" for failing to do so. *Escalona-Naranjo*, 185 Wis. 2d at 185. The circuit court correctly observed that there was no reason why Turner could not have brought his ineffectiveness claim in the § 974.06 motion he filed in 2006. Additionally, the State raised the *Escalona-Naranjo* procedural bar in its respondent's brief, and Turner did not reply. He therefore conceded the issue. *United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578.

¶17     Accordingly, we reject Turner's other arguments for relief because they are procedurally barred.

## CONCLUSION

¶18     We conclude that the circuit court did not erroneously exercise its discretion by denying Turner's motion for plea withdrawal based on newly discovered evidence, and we further conclude that Turner's other arguments for relief are procedurally barred. We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.