# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 16, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2123**

STATE OF WISCONSIN

Cir. Ct. No. 2013CF5047

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROBERT WAYNE HUBER, JR.,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN, Judge. *Affirmed*.

Before Brash, C.J., Gundrum, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Robert Wayne Huber, Jr., *pro se*, appeals from an order of the trial court denying his motion for postconviction relief without a hearing.  Huber raises several arguments on appeal as to why he is entitled to a new trial.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2     After a seven-day jury trial held in May 2014, Huber was convicted of twenty-five felonies arising out of the enticement and sexual and physical assaults of two adolescent girls.  As summarized from the evidence introduced at trial, Huber set up a Facebook page for a group that he called "The Kittenz."  He held the group out as a group through which young girls could improve themselves spiritually and physically; however, it was through this group that Huber persuaded underage girls to come to his house for "lessons" where he would then sexually assault them and physically abuse them, all while claiming to be "teaching" them.

¶3     At trial, the State presented extensive testimony from the two victims in which each detailed their encounters with Huber.  The State also introduced into evidence several Facebook messages exchanged as part of this group and played video footage of Huber with the girls.  The State also called several additional witnesses, including those who had participated in the criminal investigation.

¶4     Huber testified in his own defense, and during his testimony, he admitted to sexually assaulting and physically abusing both of the girls.  However, he claimed that he was forced to do so by a woman who was calling him and threatening to harm him, his family, and even the girls if he did not comply with this woman's demands to assault and abuse these girls.

2

¶5 Following his conviction, Huber was sentenced to a total of 225 years of initial confinement and 135 years of extended supervision.

¶6 Represented by counsel, Huber filed his first motion for postconviction relief and argued that he was denied his right to a public trial when the courtroom was closed while playing the video of the assaults to the jury. He further argued that his trial counsel was ineffective for failing to object to the closure of the courtroom. The trial court denied Huber's motion. On appeal, Huber raised the same arguments and added the argument that he was denied his right of self-representation. We affirmed. *See* *State v. Huber*, No. 2016AP1803-CR, unpublished slip op. (WI App Nov. 8, 2017).

¶7 Now proceeding *pro se*, Huber has filed a second motion for postconviction relief pursuant to WIS. STAT. § 974.06 (2019-20).[1] The trial court denied his motion, without a hearing, and Huber appeals.

## DISCUSSION

¶8 Huber raises several arguments on appeal including: (1) the trial judge was biased for, among other things, angrily speaking to Huber, denying Huber the ability to have access to discovery materials, and denying him the coercion instruction; (2) Huber was constructively denied the right to counsel, both during trial and in his previous appeal; (3) trial and postconviction counsel were both ineffective for a variety of reasons; (4) the State engaged in several acts of prosecutorial misconduct and *Brady*[2] violations by, for example, falsifying and

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

manipulating the evidence; (5) Huber was denied his right to confront one of the detectives who participated in the criminal investigation;[3] (6) there was insufficient evidence to support the jury's verdict because the evidence was fabricated, manipulated, and based on perjury; (7) the transcripts are incomplete and have been manipulated by the court reporter; (8) the State's witnesses committed at least 157 instances of perjury; and (9) postconviction counsel was ineffective because he raised "fake" claims and failed to raise any of the several claims that Huber now identifies.[4]

¶9      The State argues that Huber's arguments can all be consolidated and addressed under the umbrella of whether the trial court erroneously denied Huber's motion for postconviction relief, and it urges us to affirm on the grounds that Huber's arguments are conclusory and the record conclusively establishes that his arguments are without merit.[5]  As the State argues, Huber "supported his laundry list of claims with only his *opinion*" and his postconviction motion is "nothing but a meandering rant filled with hopelessly conclusory allegations of error unsupported by law or fact."  We agree with the State, and therefore, we conclude that the trial court properly denied Huber's motion for postconviction relief without a hearing.  *See State v. Allen*, 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433 (explaining that the trial court has discretion to deny a

---

[3] We note that this detective was deceased at the time of the trial.

[4] To the extent that Huber has raised additional arguments that we have not expressly identified, we summarily reject his arguments as undeveloped and not properly supported by legal authority.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

[5] The State also argues that we should summarily affirm because Huber's brief fails to comply with several rules of appellate procedure and does not present developed arguments. Considering that Huber is proceeding *pro se*, we decline to do so based on his alleged failure to comply with the rules of appellate procedure.

postconviction motion without a hearing if the allegations are conclusory or the record conclusively shows that the defendant is not entitled to relief).

¶10 As both the State and the trial court recognized, Huber's arguments for ineffective assistance of trial and postconviction counsel, as well his arguments related to *Brady* violations and prosecutorial misconduct, require a showing of prejudice. In other words, Huber must demonstrate that there is a reasonable probability that the outcome of the trial would have been different. *See State v. Balliette*, 2011 WI 79, ¶24, 336 Wis. 2d 358, 805 N.W.2d 334 (ineffective assistance of counsel); *State v. Harris*, 2004 WI 64, ¶14, 272 Wis. 2d 80, 680 N.W.2d 737 (*Brady* violations); *State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369 (requiring a showing that trial counsel was ineffective to demonstrate that postconviction counsel was ineffective); *State v. Patterson*, 2010 WI 130, ¶56, 329 Wis. 2d 599, 790 N.W.2d 909 (prosecutorial misconduct). Accordingly, we similarly dispose of these arguments under the same reasoning because Huber cannot establish that the outcome of his trial would be any different.

¶11 As the trial court aptly described below,

> The strength of the State's evidence, which included video of the defendant sexually and physically abusing the victims, was *overwhelming*. His ridiculous defense that he was coerced into sexually and physically abusing the victims was obviously given no credence by the jury, which found him [] guilty of all 25 counts *in little more than an hour*. None of the defendant's claims of error offers any material support for his coercion defense or creates any reasonable probability of a different outcome at a new trial.

Indeed, Huber's own testimony where he admits to assaulting the two victims was sufficient in itself for a jury to convict Huber, and yet, the jury nonetheless heard days' worth of detailed testimony provided by the two victims and those who

5

investigated the assaults, watched the video evidence documenting the assaults, and were provided with pages of Facebook messages. Considering the evidence presented at trial, it is utterly impossible to comprehend how the outcome of the trial could have been any different, and we reject Huber's arguments to the contrary.[6] The record conclusively demonstrates that the outcome of Huber's trial would not have been any different, despite the numerous alleged deficiencies and errors identified by Huber in his many arguments.

¶12 We likewise reject Huber's argument that the evidence was insufficient to support the verdicts rendered by the jury:

> [A]n appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.

*State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990) (citation omitted). Furthermore, Huber's argument that any of this evidence was fabricated, falsified, manipulated, perjured, or otherwise tampered with is conclusory and unsubstantiated, and he fails to provide any examples from the record, or even any legal authority, to support his allegations.

---

[6] We note that Huber argues that no showing of prejudice is required because he was constructively denied his right to counsel and thus his situation falls within *United States v. Cronic*, 466 U.S. 648 (1984). We disagree, and we reject this premise. The situations in which prejudice is presumed are "rare." *See State v. Erickson*, 227 Wis. 2d 758, 770, 596 N.W.2d 749 (1999).

¶13 We further note that Huber has made a conclusory and unsubstantiated argument of judicial bias. In making this argument for judicial bias, Huber fails to provide examples from the record of the alleged instances of judicial bias. *See* **State v. Neuaone**, 2005 WI App 124, ¶17, 284 Wis. 2d 473, 700 N.W.2d 298 (concluding that the defendant failed to meet his burden to "demonstrate how this information translates" into judicial bias). Instead, on several instances, Huber points to rulings from the trial court that were unfavorable to him. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Huber has also attempted to manufacture judicial bias by asserting a claim of judicial bias and alleging that the trial court judge may be a necessary witness at an evidentiary hearing. Consequently, Huber has failed to adequately plead his claim for judicial bias, and his claim lacks support in the record. *See Allen*, 274 Wis. 2d 568, ¶¶9, 23. We, therefore, reject his argument.

¶14 Furthermore, we reject the arguments Huber has raised in his current postconviction motion for the additional reason that Huber has forfeited many of his arguments by failing to object and raise these issues below. "[U]nobjected-to errors are generally considered waived; and the rule applies to both evidentiary and constitutional errors." *State v. Boshcka*, 178 Wis. 2d 628, 642, 496 N.W.2d 627 (Ct. App. 1992). Moreover, Huber has failed to provide a sufficient reason why any of the arguments that he raises now were not raised in his first appeal and why the arguments he now identifies are clearly stronger than the ones pursued by his postconviction counsel at the time of his first postconviction motion and appeal. *See State v. Romero-Georgana*, 2014 WI 83, ¶¶33-34, 46, 360 Wis. 2d 522, 849 N.W.2d 668. Huber's argument that he was constructively denied his right to counsel also appears to be, at least in part, a recasting of his argument

from his first appeal that he was denied the right to represent himself. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Consequently, we will not address Huber's arguments further.

¶15    In sum, we reject Huber's arguments, and we conclude that the trial court properly denied Huber's motion for postconviction relief without a hearing. *See Allen*, 274 Wis. 2d 568, ¶9.

    *By the Court.*—Order affirmed.

    This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.