COURT OF APPEALS
DECISION
DATED AND FILED

September 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP344**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF2184

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ANTHONY TERRELL SMITH,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MICHELLE A. HAVAS, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Anthony Terrell Smith, pro se, appeals an order denying his WIS. STAT. § 974.06 (2023-24)[1] motion without a hearing on the grounds that his claims are procedurally barred.  We affirm.

## BACKGROUND

¶2    In September 2019, following a bench trial in which Smith represented himself, Smith was convicted of eight drug and firearm-related felonies.  The circuit court[2] imposed a global sentence of ten years of initial confinement followed by seven years of extended supervision.

¶3    After his conviction, Smith was appointed postconviction counsel, but he successfully moved to discharge that attorney.  Smith then filed a pro se postconviction motion in January 2022 under WIS. STAT. RULE 809.30.  As relevant to this appeal, he argued that the State committed a **Brady**[3] violation by not timely producing body camera video taken during the execution of a search warrant.

¶4    Two search warrants were executed during the investigation into Smith's drug activities—the first in 2016 at a residence linked to Smith and the second in 2017 at a different residence linked to Smith.  The searches of both residences yielded large amounts of drugs, cash, and several firearms.  At a

---

[1] Although Smith's postconviction motions were filed while the 2021-22 version of the Wisconsin Statutes was in effect, the relevant statutory language has not changed, and thus all references to the Wisconsin Statutes are to the 2023-24 version.

[2] Smith's trial and postconviction proceedings were before several different judges; we refer to them all generally as the circuit court.

[3] *See **Brady v. Maryland**,* 373 U.S. 83 (1963).

pretrial conference, the State advised the circuit court that the Milwaukee Police Department (MPD) had confirmed there was no body camera footage from either of the searches. However, on the first day of trial, the State informed the court that a supplemental review by an officer who had greater access to the body camera system had uncovered video from the 2017 search. The court ordered a recess so that Smith could view the video. After the recess, and before testimony had begun, the court confirmed that Smith had viewed the video.

¶5 During the trial, Smith cross-examined an MPD officer about whether there was body camera footage from the search warrant executed in 2016. The officer stated that was a "time of transition" in the department, where some officers had body cameras while others did not. The officer testified that he was not aware that any of the officers who executed the 2016 search warrant had worn body cameras.

¶6 Smith argued in his first postconviction motion that a ***Brady*** violation had occurred with regard to the 2017 video because it was not provided to him until the first day of trial. That argument was rejected by the circuit court. The court found that Smith had forfeited this claim by "proceeding to trial without further objections" regarding the video. The court further stated that Smith failed to develop an argument as to how this had affected the outcome of the trial. Smith appealed, and this court affirmed. *See **State v. Smith**,* 2022AP347-CR, unpublished op. and order (WI App Nov. 22, 2022).

¶7 Within days of this court's decision, Smith filed the WIS. STAT. § 974.06 motion underlying this appeal. In that motion, Smith again argued that a ***Brady*** violation had occurred, claiming that he had procured body camera video from the 2016 search, as well as additional video from the 2017 search, through

open records requests. He sought an evidentiary hearing "in order to show the court the videos he received" as a result of those open records requests. He further asserted that a new trial was warranted based on this newly discovered evidence.

¶8      The circuit court denied the motion as procedurally barred. The court found that the *Brady* claim was previously litigated, and further, that Smith did not provide a sufficient reason for failing to raise the claim regarding the 2016 video in his first postconviction motion. Additionally, the court found that Smith's *Brady* claim failed on the merits because he did not explain how having the 2016 video would have affected the outcome of the trial. The court also determined that Smith had not met the criteria for establishing newly discovered evidence. This appeal follows.

## DISCUSSION

¶9      We conclude that Smith's claims fail because they are procedurally barred and insufficiently pled. First, Smith previously asserted a *Brady* claim specifically regarding the 2017 search video in his first postconviction motion brought in January 2022 under WIS. STAT. RULE 809.30. To the extent his current claims are an extension of that previous claim, they may not be relitigated. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).

¶10      Furthermore, to the extent that Smith's claim regarding the 2016 video is a separate *Brady* claim, Smith fails to present a sufficient reason for failing to raise it in his first postconviction motion. In a motion brought under WIS. STAT. § 974.06, a defendant must demonstrate that there is a "sufficient reason" that the claims in that motion were not raised in a prior motion or direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). Whether a § 974.06 motion alleges a sufficient reason "for failing to bring

available claims earlier" is a question of law that we review de novo. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶11     Smith states in his WIS. STAT. § 974.06 motion that the reason he did not previously raise this claim was that he did not receive the "new video evidence or the body cam in time to present it." He attached copies of the open records requests that he made to the MPD, which are dated March 15, 2022, and August 1, 2022. However, Smith provides no explanation as to why he waited to make the open records requests until *after* he had filed his first postconviction motion in January 2022, rather than seeking the videos sooner. As such, Smith's explanation does not establish a sufficient reason for failing to raise these claims in his first postconviction motion. *See Romero-Georgana*, 360 Wis. 2d 522, ¶30.

¶12     Furthermore, Smith has not pled sufficient facts to establish his *Brady* claim. The circuit court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. Generally, a motion that alleges "the five 'w's' and one 'h'; that is, who, what, where, when, why, and how," will contain sufficient material facts to meet this standard. *Id.*, ¶23. This is a question of law that this court reviews de novo. *Id.*, ¶9.

¶13     In his WIS. STAT. § 974.06 motion, Smith does not explain how the videos he obtained would affect his case. There are three components required to establish a *Brady* violation: "(1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the

5

evidence must be material." ***State v. Wayerski***, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468.

¶14    Smith alleges in his WIS. STAT. § 974.06 motion that the video evidence is exculpatory and material to his case, but he does not explain how the videos meet these requirements. Rather, he simply asserts that the videos show people who were at the residences during the searches that he could have called as witnesses at his trial. "Evidence is not material under ***Brady*** unless the nondisclosure 'was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.'" ***Wayerski***, 385 Wis. 2d 344, ¶36 (citation omitted). Smith fails to explain how testimony from these witnesses would have affected the outcome of his trial. Merely obtaining the videos is not sufficient to undermine confidence in the verdict. *See **id.***

¶15    In the same vein, Smith also fails to establish that the videos he obtained through his open records requests are newly discovered evidence. A successive postconviction motion alleging newly discovered evidence may proceed in some cases. *See **State v. Edmunds***, 2008 WI App 33, ¶9, 308 Wis. 2d 374, 746 N.W.2d 590. However, it "must show sufficient objective material factual assertions that, if true, would warrant the movant to relief." ***State v. Love***, 2005 WI 116, ¶50, 284 Wis. 2d 111, 700 N.W.2d 62. This allows the reviewing court to "meaningfully assess" the claim. ***Id.***, ¶47.

¶16    To establish a newly discovered evidence claim, a defendant must first show that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." ***State v. Plude***, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted). If the

6

defendant establishes these four criteria, the circuit court must then determine "whether a reasonable probability exists that had the jury heard the newly[]discovered evidence, it would have had a reasonable doubt as to the defendant's guilt." *Id.* "If the newly discovered evidence fails to satisfy any one of these five requirements, it is not sufficient to warrant a new trial." *State v. Eckert*, 203 Wis. 2d 497, 516, 553 N.W.2d 539 (Ct. App. 1996).

¶17     As previously noted, Smith has not explained why he did not make his open records request prior to filing his first postconviction motion. As such, he has not demonstrated that he was not negligent in seeking the evidence. *See Plude*, 310 Wis. 2d 28, ¶32. Furthermore, as discussed, Smith does not explain how the videos are material to an issue in his case. Therefore, he has not alleged sufficient facts to meet the criteria for newly discovered evidence. *See id.*

¶18     As a result, Smith is not entitled to an evidentiary hearing for either his *Brady* claim or his newly discovered evidence claim. *See Allen*, 274 Wis. 2d 568, ¶14; *Love*, 284 Wis. 2d 111, ¶56.

¶19     Finally, Smith again argues, as he did in his first postconviction motion, that he is entitled to a new trial in the interest of justice. Pursuant to WIS. STAT. § 752.35, this court may grant a new trial in the interest of justice when the real controversy has not been fully tried or when it is probable that justice has miscarried. "[R]eversals under [§] 752.35 are rare and reserved for exceptional cases." *State v. Kucharski*, 2015 WI 64, ¶41, 363 Wis. 2d 658, 866 N.W.2d 697.

¶20     As in his first postconviction motion, Smith merely cites the standard for relief set forth in WIS. STAT. § 752.35, without developing any argument to show that this is the rare case warranting relief under the statute.

Therefore, we again reject that claim. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

## CONCLUSION

¶21 "Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose" of WIS. STAT. § 974.06. *Escalona-Naranjo*, 185 Wis. 2d at 185. Smith's claims raised in his § 974.06 motion are an extension of the *Brady* claim he raised in his first postconviction motion, and he fails to provide a sufficient reason for failing to raise his current claims in his first postconviction motion. Therefore, Smith's claims are procedurally barred. *See Witkowski*, 163 Wis. 2d at 990; *Escalona-Naranjo*, 185 Wis. 2d at 173. Moreover, they are insufficiently pled to warrant an evidentiary hearing. *See Allen*, 274 Wis. 2d 568, ¶14; *Love*, 284 Wis. 2d 111, ¶50. Accordingly, we affirm the circuit court's order denying his § 974.06 motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.