**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 21, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2402**

Cir. Ct. No. **1995CF955387**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MAURICE M. MATHIS,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JEAN M. KIES, Judge. *Affirmed*.

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Maurice M. Mathis, pro se, appeals the order denying his postconviction motion without a hearing. We affirm.

## BACKGROUND

¶2      This matter comes before us for a third time.  In our most recent decision, we detailed the facts of Mathis's case.  *See **State v. Mathis*** ("***Mathis II***"), No. 2019AP2422, unpublished op. and order (WI App Mar. 16, 2021).

> In 1996, a jury found Mathis guilty of first-degree intentional homicide, while using a dangerous weapon, as a party to the crime.  The trial court imposed a mandatory life sentence and set August 3, 2038, as his parole eligibility date.  Following his conviction, Mathis's appointed postconviction counsel moved this court to withdraw as counsel.  The motion was based on correspondence from Mathis to postconviction counsel, in which Mathis told counsel that she was "fired," that it was the "last time telling counsel" that she was fired, and that he wanted her to "honor that."  (Some underlining omitted.)  We granted postconviction counsel's motion to withdraw.

> Mathis, pro se, then filed a postconviction motion, seeking resentencing to modify his parole eligibility date.  The trial court denied the motion; Mathis appealed, and this court affirmed.  [*See **State v. Mathis*** ("***Mathis I***"), No. 1997AP3465-CR, unpublished op. and order (WI App Oct. 14, 1999).]

> Over twenty years later, Mathis, pro se, filed the postconviction motion underlying this appeal.  Mathis argued that his conviction resulted from: the "introduction of evidence obtained pursuant to an unlawful arrest"; the "introduction into evidence of a statement obtained in the absence of counsel at a time when representation is constitutionally required"; a violation of his right against self-incrimination; the State's "unconstitutional suppression" of evidence; the State's use of perjured testimony during trial; "impermissible suggestiveness"; and ineffective assistance of counsel.  (One set of quotation marks omitted.)  Mathis stated that he did not raise these issues in his previous postconviction motion because his postconviction counsel informed him that his claims were meritless and because he lacked the mental capacity to assist in his defense.  As support for his assertion that he lacked the mental capacity to assist his postconviction counsel, Mathis attached a letter dated March 10, 1996, from one of the doctors who evaluated Mathis prior to his trial.  The letter stated that "it seems reasonable to think

2

> that with such an attitude [Mathis] may not be able to communicate rationally with his [trial] attorney and aid … in the preparation of whatever defense is there for him."
>
> The circuit court denied the motion without a hearing, finding that the motion was procedurally barred pursuant to *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). The circuit court also noted that Mathis's ineffective assistance of counsel claims lacked merit because Mathis dismissed his own counsel during the course of his direct appeal.

*Mathis II*, No. 2019AP2422 at 2-3 (some alterations in original; footnote omitted).[1]

¶3 On appeal, Mathis argued that the circuit court erred in dismissing his postconviction motion. The crux of Mathis's argument was that his numerous postconviction claims should not be procedurally barred or "waived" because he was not competent to either discharge his postconviction counsel or represent himself in his direct appeal. He also asserted that the circuit court mischaracterized his motion as his second postconviction motion and that multiple evidentiary errors were made by the State and trial court. We disagreed and affirmed. *Id.* at 5. The Wisconsin Supreme Court denied Mathis's petition for review.

¶4 In 2023, more than two years after our decision in *Mathis II*, Mathis filed the pro se WIS. STAT. § 974.06 (2023-24)[2] motion underlying this appeal. He sought a new trial on many of the same grounds raised in his last motion,

---

[1] In our opinion and order, we referred to the court that presided over Mathis's trial and his first postconviction motion as the trial court. We referred to the court that denied the motion underlying the appeal as the circuit court.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

reasserting that his conviction resulted from "[i]mpermissible suggestiveness," evidence gathered during an unlawful arrest, and a statement made "in the absence of counsel at a time when representation is constitutionally required." Notably, he conceded that he had already raised those same arguments in his last motion and in a federal habeas corpus petition.

¶5 Mathis also raised some new claims that he had omitted from his earlier two postconviction motions. First, he argued that his trial counsel was ineffective for (1) not moving to suppress evidence derived from an "illegal arrest"; (2) not presenting two items of evidence at his *Miranda*/*Goodchild* hearing;[3] and (3) neither objecting nor moving for a mistrial after the State introduced evidence of an "in-court photo array." Second, he argued that his postconviction counsel was ineffective for not raising these issues. Third, he argued that reversal was warranted in the interest of justice because the real controversy was not tried. Fourth, he argued that he had located newly discovered evidence.

¶6 Mathis conceded that he did not raise his new claims in his earlier motions but maintained that he had a sufficient reason for failing to do so. In this regard, he once again pointed to his own ignorance of the law, the results of his 1996 "mental status examination" that diagnosed him with mild to moderate "mental retardation," and appointed postconviction counsel's failure to advise him about raising various claims before he fired her, or as Mathis described, when he "was 'FORCED' to proceed pro se" during his initial postconviction proceeding.

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966); *State ex rel. Goodchild v. Burke*, 27 Wis. 2d 244, 133 N.W.2d 753 (1965).

¶7    The circuit court denied Mathis's motion without a hearing. The court concluded that Mathis's claims were procedurally barred because he did not show a sufficient reason for failing to bring the claims in his prior postconviction motions. Additionally, the court concluded that Mathis had not satisfied the requirements for newly discovered evidence. This appeal follows.

## DISCUSSION

¶8    Like the circuit court, we conclude that Mathis's claims fail because they are procedurally barred and insufficiently pled. Absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that could have been raised in a prior postconviction motion or appeal. *Escalona-Naranjo*, 185 Wis. 2d at 181-82. Whether a § 974.06 motion alleges the requisite sufficient reason for failing to bring available claims earlier is a question of law that this court independently reviews. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668. We determine the sufficiency of a defendant's reason for circumventing *Escalona-Naranjo*'s procedural bar by examining the "four corners" of the underlying postconviction motion. *See State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433.

¶9    To the extent Mathis argued that his sufficient reason for failing to bring his claims earlier is that he was denied the effective assistance of postconviction counsel, this claim fails. *See Romero-Georgana*, 360 Wis. 2d 522, ¶36 ("In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal."). Mathis claimed postconviction counsel never received his discovery materials and that if she had, she would have discovered the issues he now raises. The speculative and conclusory nature of Mathis's assertions fall

short. *See State v. Balliette*, 2011 WI 79, ¶67, 336 Wis. 2d 358, 805 N.W.2d 334 (explaining that a convicted person must "make the case" of postconviction counsel's ineffective assistance). We cannot conclude that the purportedly ineffective assistance of postconviction counsel, who withdrew at Mathis's behest before any postconviction motions were filed, was a sufficient reason for Mathis's failure to bring his current claims earlier.

¶10 Mathis additionally argued in his postconviction motion that his mental limitations constitute a sufficient reason for failing to raise his claims earlier. He claimed he was incompetent at the time that he was forced to proceed pro se during his initial postconviction proceeding. We previously rejected a variation of this argument in *Mathis II*.

¶11 In that appeal, Mathis claimed he did not raise the issues presented in his first WIS. STAT. § 974.06 motion in his previous postconviction motion "because his postconviction counsel informed him that his claims were meritless and because he lacked the mental capacity to assist in his defense." *Mathis II*, No. 2019AP2422 at 3. We held that Mathis's motion failed to provide factual support for his assertion that his lack of competency was the reason for dismissing counsel and for failing to previously raise his issues. *Id* at 5. Insofar as Mathis now attempts to resurrect this issue, "[a] matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Moreover, Mathis's lacking mental capacity is not a sufficient reason for failing to previously raise his claims. *See State ex rel. Wren v. Richardson*, 2019 WI 110, ¶27, 389 Wis. 2d 516, 936 N.W.2d 587 ("[WISCONSIN STAT. § 974.06]'s strictures are not ignored or relaxed for pro se

litigants[.]"); *see generally* **State v. Collova**, 79 Wis. 2d 473, 488, 255 N.W.2d 581 (1977) (providing that ignorance of the law is not a defense).

¶12    Mathis's newly discovered evidence claim likewise fails.   In his motion, Mathis argued that newly discovered evidence surfaced, which reveals that a jury concluded that the Milwaukee Police Department engaged in a practice of failing to properly investigate homicides in 1998.   A practice, according to Mathis, that involved fabricating statements from both suspects and informants. Mathis argued this evidence was of the "utmost importance" because Detective Gilbert Hernandez engaged in misconduct, which undermines the credibility of the confession Detective Hernandez claimed he obtained from Mathis.

¶13    A  successive  postconviction  motion  alleging  newly  discovered evidence may proceed in some cases.  *See* **State v. Edmunds**, 2008 WI App 33, ¶9, 308 Wis. 2d 374, 746 N.W.2d 590.   However, it "must show sufficient objective material factual assertions that, if true, would warrant the movant to relief." **State v. Love**, 2005 WI 116, ¶50, 284 Wis. 2d 111, 700 N.W.2d 62.   This allows the reviewing court to "meaningfully assess" the claim. *Id.*, ¶47.

¶14    To establish a newly discovered evidence claim, a defendant must first show that: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." **State v. Plude**, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted).   If the defendant establishes these four criteria, the circuit court must then determine "whether  a  reasonable  probability  exists  that  had  the  jury  heard  the newly[ ]discovered evidence, it would have had a reasonable doubt as to the defendant's guilt." *Id.*   "If the newly discovered evidence fails to satisfy any one

of these five requirements, it is not sufficient to warrant a new trial." ***State v. Eckert***, 203 Wis. 2d 497, 516, 553 N.W.2d 539 (Ct. App. 1996).

¶15 Mathis's postconviction motion and supporting cover letter advised the circuit court that he intended to present two pieces of newly discovered evidence. Those documents consisted of (1) a newspaper article reporting that a jury had found that a detective involved in Mathis's case, Gilbert Hernandez, violated another criminal suspect's civil rights by concocting false incriminating statements and then enlisting other inmates to corroborate them, and (2) two pages of Detective Hernandez's police report that summarized his interview with Mathis.

¶16 Mathis made no attempt to explain why the evidence he wished to present satisfied the requirements for newly discovered evidence. *See **Plude***, 310 Wis. 2d 28, ¶32. As highlighted by the State, the credibility of police witnesses was already tested at Mathis's trial, and more evidence challenging Detective Hernandez's credibility would have been cumulative to that which the jury already heard. *See **State v. McAlister***, 2018 WI 34, ¶¶50-51, 380 Wis. 2d 684, 911 N.W.2d 77. Consequently, Mathis's motion was inadequately pled, and the circuit court properly denied it without an evidentiary hearing. *See **Allen***, 274 Wis. 2d 568, ¶9.

¶17 Lastly, Mathis contends he should be entitled to discretionary reversal because the real issue was not tried in his case.[4] "We exercise our authority to reverse in the interest of justice ... sparingly and only in the most

---

exceptional cases." *State v. Schutte*, 2006 WI App 135, ¶62, 295 Wis. 2d 256, 720 N.W.2d 469. This is not such a case.[5]

>    *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] To the extent Mathis raises new arguments on appeal, we do not address them. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal.").