COURT OF APPEALS
DECISION
DATED AND FILED

November 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP306**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CF3932

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

       PLAINTIFF-RESPONDENT,

  V.

DARIUS DARNELL MOFFETT,

       DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Darius Darnell Moffett, pro se, appeals an order denying his postconviction motion filed pursuant to WIS. STAT. § 974.06 (2023-24).[1]  We conclude that Moffett's claims are procedurally barred, or otherwise fail. We therefore affirm.

## BACKGROUND

¶2      Moffett was charged in September 2016 with several counts, all relating to a series of burglaries in Wauwatosa that occurred overnight, while victims were at home sleeping.  The suspect took car keys and stole the victims' vehicles, along with other personal property.  Police were familiar with Moffett due to previous similar cases, and suspected him in these burglaries.

¶3      The police traced one of the stolen vehicles to the home of Moffett's girlfriend, and they observed him driving that stolen vehicle.  Officers placed a GPS tracking device on the vehicle, and then tracked it—with Moffett driving—to a residential neighborhood at approximately 3:00 a.m. on August 24, 2016. During the surveillance of Moffett, he was observed pulling up to a residence and returning moments later carrying numerous items which he placed in the stolen vehicle.  Items recovered in the vehicle were later identified as being stolen earlier that night from a different house in the neighborhood, about a block away from where officers found Moffett and the stolen vehicle.

¶4      Moffett attempted to flee, but was arrested and taken into custody. The charges filed against him included a burglary charge relating to the items that had been taken from the house that was a block away from where police found

_____

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

Moffett. Moffett ultimately entered a guilty plea in December 2017 to that burglary charge, as well as to charges of taking a vehicle without the owner's consent and felony bail jumping, all with habitual criminality penalty enhancers.

¶5 The use of the GPS tracking device in the stolen car was not revealed to the defense until Moffett's sentencing hearing. Moffett subsequently filed a postconviction motion arguing, in part, that he was entitled to plea withdrawal because the State failed to provide him with the GPS tracking data prior to entering his pleas. Moffett stated that postconviction counsel had attempted to obtain the data, but the data was no longer accessible and the police could not locate an archive of the information. Moffett asserted that the GPS data was exculpatory, because he believed it would show that he was not in the area for a sufficient amount of time to commit the burglary at the house that was a block away from where police located him and the stolen car. The circuit court denied the motion without a hearing.

¶6 Moffett appealed. This court concluded that Moffett's allegations regarding the nature of the GPS data constituted a factual dispute that required an evidentiary hearing. *State v. Moffett*, No. 2020AP395-CR, unpublished slip op., ¶20 (WI App July 20, 2021) ("*Moffett I*"). We therefore remanded the matter to the circuit court for a hearing on that issue.[2] *Id.*, ¶29.

¶7 Moffett testified at the evidentiary hearing. He admitted that he was in the same neighborhood on the night of the burglary, but asserted that he was not there long enough to commit the crime.

---

[2] Moffett's postconviction motions were heard and decided by different judges as a result of calendar succession; we refer to them generally as the circuit court.

¶8      Testimony was also heard from an investigator from the Milwaukee County District Attorney's office, Matthew Knight.  Knight testified that he was involved in the surveillance of Moffett that night after police had tracked Moffett in the stolen vehicle using the GPS device.  Knight stated he observed Moffett walking down the street, and exchanged a nod with him.  Knight then hid in some bushes, where he observed Moffett go into a gangway between two houses.  Moffett returned to the stolen vehicle approximately 30 seconds later with numerous items in his arms that he placed in the vehicle, just before he was apprehended.

¶9      The State argued that Knight's testimony was sufficient to address the factual dispute recognized by this court as to whether Moffett was at the scene of the charged burglary with sufficient time to commit that crime.  Put another way, the State contended that Knight's testimony dispelled Moffett's contention that the GPS data evidence would have been exculpatory, given Knight's observations of Moffett in the neighborhood during that time frame.  Therefore, the State asserted that Moffett had not proven by clear and convincing evidence that the GPS evidence would have affected his decision to enter pleas, since it was inculpatory rather than exculpatory evidence.

¶10      The circuit court ultimately agreed, finding Knight's testimony credible.  It therefore denied Moffett's motion to withdraw his guilty pleas.  Moffett appealed, and this court affirmed.  *State v. Moffett*, No. 2022AP288-CR, unpublished op. and order, 2 (WI App Mar. 14, 2023) ("*Moffett II*").

¶11      Moffett subsequently filed the WIS. STAT. § 974.06 motion underlying this appeal.  He claimed prosecutorial misconduct for eliciting Knight's testimony at the evidentiary hearing, which Moffett alleges was "false."

Moffett also claimed ineffective assistance of his postconviction counsel during the evidentiary hearing, and for his failing to raise the GPS issue as a ***Brady***[3] violation in his first postconviction motion.

¶12    The circuit court found Moffett's arguments to be a "rehash" of the issue regarding the GPS evidence in his first postconviction motion, and therefore procedurally barred.  The court stated that Moffett's claims did not alter its "core findings" that the GPS data "would not have been exculpatory and would not have altered [Moffett]'s decision to enter his plea."  It therefore denied his WIS. STAT. § 974.06 motion.  This appeal follows.

**DISCUSSION**

¶13    Once the right to a direct appeal has been exhausted, WIS. STAT. § 974.06 is the mechanism for a defendant to bring constitutional claims.  *See* ***State v. Henley***, 2010 WI 97, ¶52, 328 Wis. 2d 544, 787 N.W.2d 350.  However, if a claim has been litigated in a previous postconviction motion, it may be not be raised again in a § 974.06 motion.  ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue.").  For new claims raised in a § 974.06 motion, the defendant must demonstrate that there is a "sufficient reason" that those claims were not raised in a prior motion or direct appeal.  ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994).  Whether a § 974.06 motion alleges "a sufficient reason for failing to bring available claims earlier" is a question of law

---

[3] *See* ***Brady v. Maryland***, 373 U.S. 83 (1963).

5

that we review de novo.  *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶14    We conclude that Moffett's claims are procedurally barred.  First, Moffett's claim that Knight's testimony at the evidentiary hearing was false is, as the circuit court described it, "basically a rehash" of his prior postconviction motion relating to the GPS data.  This is not permitted.  *See Witkowski*, 163 Wis. 2d at 990.

¶15    Moffett's allegation of "false" testimony by Knight may be based on a misunderstanding of the previous decisions by this court.  In *Moffett I*, we recognized the factual dispute raised by Moffett relating to the data that would have been provided by the GPS tracking device, had it been accessible and available; that is, whether Moffett was in the area of the charged burglary with enough time to commit that burglary.  *Id.*, No. 2020AP395-CR, ¶¶19-20.  Our conclusion was due primarily to the circuit court's reliance on the complaint for its decision, noting that the address referenced in the complaint where Moffett was seen by Knight was about a block away from the address of the residence relating to the burglary charge.  *Id.*, ¶19 & n.3.  We therefore remanded the matter for an evidentiary hearing, for fact-finding on this issue.  *Id.*, ¶29.

¶16    From that evidentiary hearing, the circuit court found that, based on Knight's credible testimony, "the GPS device would not have shown what the defense wanted it to show"; that is, it would not have provided exculpatory evidence that Moffett did not commit the charged burglary.  The court therefore denied Moffett's motion to withdraw his pleas.  Moffett appealed that decision, which we affirmed in *Moffett II*.

¶17    In our ***Moffett II*** decision, we stated that "as both parties expressly agree, the specifics of Moffett's claim, coupled with the unavailability of the GPS data, required the circuit court to determine 'what the GPS evidence would have shown; and then to assess the effect that this information would have had on Moffett's decision to plead guilty.'" ***Id.***, No. 2022AP288-CR at 8.    The circuit court did just that in determining that the GPS evidence would not have been exculpatory, based on Knight's credible testimony. ***Id.*** at 9.    We therefore concluded that Moffett had not demonstrated that the GPS evidence would have affected his decision to plead guilty. ***Id.*** at 10-11.

¶18    In short, the issue relating to the GPS evidence was previously litigated through the remand hearing and ***Moffett II***.    It therefore may not be relitigated. *See **Witkowski***, 163 Wis. 2d at 990.

¶19    Moffett's claim of ineffective assistance by his postconviction counsel in his handling of the evidentiary hearing fails for similar reasons.    "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." ***Romero-Georgana***, 360 Wis. 2d 522, ¶36.    To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).    "The ultimate determination of whether counsel's performance was deficient and prejudicial to the defense are questions of law which this court reviews independently." ***State v. Johnson***, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).

¶20    Moffett first argues that his postconviction counsel was ineffective for not objecting to Knight's "false" testimony.    Moffett's argument appears to be

that Knight's testimony was not a verbatim recitation of the criminal complaint. However, the circuit court found Knight's testimony to be credible, and Moffett fails to provide any evidence to the contrary. *See* **State v. Carter**, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695 (stating that appellate courts "will not exclude the circuit court's articulated assessments of credibility and demeanor, unless they are clearly erroneous").

¶21     Moffett also asserts that his postconviction counsel was ineffective for failing to pursue a claim under **Brady v. Maryland**, 373 U.S. 83 (1963), regarding the State's failure to provide the GPS evidence to the defense. To establish a **Brady** violation, it must be shown that (1) the evidence was favorable to the defendant, either because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence was material. **State v. Wayerski**, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468.

¶22     As discussed above, it has already been decided that the GPS evidence was not exculpatory, a decision which was affirmed by this court. "[A] claim predicated on a failure to challenge a *correct* [circuit] court ruling cannot establish either" deficient performance or prejudice under the **Strickland** test. **State v. Ziebart**, 2003 WI App 258, ¶14, 268 Wis. 2d 468, 673 N.W.2d 369.

¶23     Furthermore, postconviction counsel *did* pursue a claim relating to the State's failure to preserve the GPS data. Such a claim, if successful, could have resulted in the charges being dismissed. *See* **State v. Huggett**, 2010 WI App 69, ¶¶26-27, 324 Wis. 2d 786, 783 N.W.2d 675 (upholding the circuit court's dismissal of charges as a sanction for the State's failure to preserve evidence).

¶24 In order for a ***Brady*** claim to survive being procedurally barred, Moffett must demonstrate that this claim is "clearly stronger than the claim[] postconviction counsel actually brought." ***Romero-Georgana***, 360 Wis. 2d 522, ¶4. Moffett does not address the clearly stronger standard, nor does he explain how a ***Brady*** claim would be clearly stronger than the argument postconviction counsel raised regarding the preservation of the GPS evidence. The ***Brady*** claim is therefore procedurally barred. *See **Romero-Georgana***, 360 Wis. 2d 522, ¶5. Furthermore, since it has been established that the GPS evidence was not exculpatory, a ***Brady*** claim on this issue would fail. *See **Wayerski***, 385 Wis. 2d 344, ¶35.

¶25 In short, Moffett has not demonstrated ineffective assistance on the part of his postconviction counsel. *See **Johnson***, 153 Wis. 2d at 127. His claims therefore fail.

¶26 Finally, Moffett suggests that "the controversy was not fully tried," apparently attempting to invoke our discretionary reversal authority. *See* WIS. STAT. § 752.35. "We may grant a new trial in the interest of justice when it appears from the record that the real controversy has not been fully tried." ***State v. Williams***, 2006 WI App 212, ¶36, 296 Wis. 2d 834, 723 N.W.2d 719. However, because this reversal power is "formidable," we utilize it "sparingly and with great caution." ***Id.***

¶27 As discussed above, we have rejected all of Moffett's claims, and we find nothing in the record that would support discretionary reversal. Therefore, we also reject Moffett's request for discretionary reversal, as construed.

**CONCLUSION**

¶28 In sum, Moffett's claims are procedurally barred or otherwise fail. We therefore affirm the circuit court's denial of his WIS. STAT. § 974.06 motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.